GREEN and YOUNGER, Respondents, *v.* ROBERT WELLS
& Co., Appellants.

A parol agreement to rescind a contract under seal is good, if such parol agree-
ment is executed; and such agreement may be presumed from the acts of the
parties.

Where the contracts were entire and the covenants dependent, and the plaintiff
had declared his inability to keep it, and afterwards actually abandoned it:
Held, that these facts formed a defence to his action for a claim under the
contract.

APPEAL from the Fourth Judicial District.

The plaintiffs agreed with defendants to build a house for them
for the sum of $10,000, to be paid in instalments as the building
advanced; that plaintiffs performed on their part up to the 3rd
May, 1851, when $1200 became due on the second instalment
from defendants to plaintiffs; and plaintiffs claimed the said sum
and the further sum of $120 for bricks delivered.

Defendants answered, and denied every allegation of the com-
plaint; and averred that they were all untrue; and further say,
that plaintiffs are indebted to them $599.06, for money paid on
their account and at their request to J. Turnbull.

The case was tried by the Court without a jury, who found for
the plaintiffs $641, with interest at the rate of 10 per cent.

The contract set forth in the complaint was under the seals of
the respective parties, and was dated the — day of March, 1851.
The building had made considerable advance up to the 3rd May.
1851, when it was destroyed by fire; and was not rebuilt.

Plaintiffs proved, that the work regularly advanced up to the
day of the fire; and that the bricks stated in the complaint, had
been delivered, and were upon the lot.

The point in the case however was, whether the contract was
rescinded or not; and to establish this, the defendants proved,
that a day or two after the fire the plaintiffs called on the defen-
dants, and said that they could not go on with the building; that
they were dead broke. Defendants asked if they (the plaintiffs)
could not go on with the building if defendants would aid them
in the prosecution of the contract. They replied they could not;

and proposed to remit to said defendants the $1200, due on the 3rd instalment, and renounce all claim to the same, provided defendants would consent to an abandonment of the contract, and would not require them to proceed under it to the completion of the building; to which the defendants assented; this agreement however was not to include the debt due to Turnbull, which the plaintiffs were to pay; that the plaintiffs did not proceed with the building; and in July, the premises and all materials were sold by the defendants; and the plaintiffs not having paid the debt to Turnbull, the defendants had afterwards paid it.

Upon the above evidence, the Court held, that the *sealed* contract set forth in the complaint was not discharged by the said parol agreement; and that plaintiffs were entitled to recover; and judgment was rendered for $641, and costs.

Defendants appealed.

HEYDENFELDT, Justice, delivered the opinion of the Court; with which MURRAY, Chief Justice, concurred.

It is a rule of law, that a parol agreement to rescind a contract under seal is good, if such parol agreement is executed; and further that such an agreement may be presumed from the acts of the parties.

In this record, it is clear, that at the time the agreement to rescind was made, it was merely executory; and one question to be determined is, whether a subsequent execution of it may not be presumed from the acts of the parties before this suit was brought.

These acts are very simple. The contract was to build a house. The plaintiffs abandoned the contract, and made no efforts to continue the erection of the house. The defendants some time after the abandonment by the plaintiffs, sold the lot and the remains of the building, and thus put it out of their power to require the performance of the contract on the part of the plaintiffs. It seems to me, that if an execution of the agreement to rescind cannot be presumed from these circumstances, it would be hard to put a case in which it could.

Besides, suppose there was no agreement to rescind, the defence would be complete in another view. The contract was entire; the covenants were dependent: the plaintiffs break their cove-

nant openly,—first, by a declaration of their inability to keep it, and following that declaration, by an actual abandonment. This is a complete answer to the action.

Let the judgment be reversed with costs.