*SAMUEL A. WHITING, RESPONDENT, v. WIL-   [327]
  LIAM G. HESLEP, A. W. LUCKETT, P. M. D.
  COLLINS, FREDERICK SALTER AND J. B. MES-
  SICK, APPELLANTS.

PLEADING DEMURRER.—A demurrer to the whole declaration, when some of the
   accounts are good, should be overruled.
PAROL AGREEMENT—ENFORCEMENT OF.—A parol agreement, varying the terms of a
   written contract under seal, is properly enforced, under an *indebitatus assump-
   sit*, when the parol agreement has been executed.
CONTRACT, INDIVIDUAL LIABILITY ON.—A contract entered into by a number of indi-
   viduals, describing themselves in the contract as " Directors of the Placer Hotel
   Company," and signed by them individually, is their individual contract, and
   not that of the Company.

APPEAL from the Fifth Judicial District.

This was an action brought by the plaintiff against the
defendants, on the 13th day of February, 1854, to recover
the balance of $2,500 due on a written building contract
under seal, entered into with them for the erection of the
Placer Hotel in the City of Sonora, and for extra work and
alterations, made in the plan of the work during the pro-
gress of the building.   The complaint also contained two
*indebitatus assumpsit* counts, and a count on a mechanic's
lien, filed against the said building.

The defendants demurred on several grounds: 1st, Be-
cause the plaintiff has not legal capacity to sue, because he
is a subscriber to the articles of association of the Placer
Hotel Joint Stock Company, and a co-partner and stock-
holder therein.   2d, Because there is a defect of parties
defendant, in this, that the contract sued upon is a contract
by the Directors of the Placer Hotel Company, on the part
and in behalf of the stockholders thereof, consisting of the
said defendants and others, including the plaintiff himself.
3d, Because it is not a personal contract of the defendants,
but the contract of the Company, etc.   4th, Because the
complaint does not state facts sufficient to constitute a cause
of action.

[328]    \* The Court overruled the demurrer, whereupon the defendants answered, denying the various allegations of the complaint, and specially, that they did not contract individually, but only as the agents of the Company, etc.   The written contract was in the following form : "Articles of agreement made and entered into this 13th day of July, A. D. 1853, between Samuel A. Whiting, of the City of Sonora, party of the first part, and P. M. D. Collins, Wm. G. Heslep, Frederick Salter and A. W. Luckett, Directors of the Placer Hotel Company, of the second part, witnesseth, etc.; and the said party of the first part agrees to construct, etc., said building, and deliver the same to the aforesaid Directors, or their successors in office, on or before November 1st, 1853, etc.; and the said Directors, parties of the second part, and their successors in office, in behalf of the stockholders of the Placer Hotel Company, hereby agree, on their part, to pay," etc.; and was signed by them, individually.

After the evidence was offered on both sides, the Court charged the jury, "that if they believed, from the evidence, that the defendants, or their agents, had ordered alterations in the plan of the buildings, from the contract and specifications, and those alterations had been executed by plaintiff, that defendants were liable; that if the jury believed that plaintiff had not fulfilled his contract, he would not be entitled to recover, unless the defendants had prevented or delayed him by not fulfiling the contract on their part; in which case, he would be equally entitled to recover; that if the jury believed that the sealed contract had, in fact, been virtually abandoned by the parties, and the house built in another and different manner, the plaintiff could recover on a *quantum meruit* for the value of his services, taking the contract price as the rule of damages, when the work, had been done under it."

The jury retired and brought in a verdict for plaintiff, for $2,250.

Defendants' counsel moved for a new trial, on these grounds:

1st.   Excessive damages.

2d.   Insufficiency of evidence to justify the verdict; and

3d.   Misdirection of the jury, and error *in law,   [329] in the admission of evidence to vary the written contract, etc.

The Court refused a new trial, whereupon the defendants excepted, and appealed from the judgment entered on the verdict, and the order refusing a new trial.

*Gregory Yale,* for Appellants.

The Court erred in overruling the demurrer.   The Court erred in admitting parol evidence to show an alteration of the contract under seal, upon which suit was brought; the plaintiff cannot sue on an express contract under seal and introduce evidence to show that the contract was so varied by parol as to constitute a new cause of action, upon which a recovery was had; the contract was made between the plaintiff and the Directors of the Placer Hotel Company, in their official capacity, and not in their individual capacity; but the suit is brought directly against them, as individuals, and the judgment obtained against them as such.   This is erroneous.   The company alone should have been sued, and the plaintiff, being a partner, he should have proceeded by bill, praying a dissolution, and setting up his claim, and submitting to a *pro rata* loss, if any, growing out of the erection of the hotel.

*Ryland & Barber,* for Respondents.

A parol agreement to rescind a contract under seal is good, if it has been executed, and such agreement may be presumed, from the acts of the parties.  (2 Cal. 584;  12 Wend. 334;  11 Ib. 447; 4 Cow. 564; 2 Hill, 76; 4 Barb. 614.) The question was fully presented by the Court to the jury.  (1 Cal. 206.)   The case was fairly laid before the jury, and this Court will not disturb the verdict.  (1 Cal. 39, 132, 180,

387. )    Where one enters into a contract, or covenant, describing himself as agent of another, and covenants, as such agent, but signs and seals in his own name, he is personally liable.    ( 7 Cow. 453; 13 Johns. 307; 8 Cow. 31; 2 Hall N. Y. 271; 18 Wend. 425; 3 Hill, 7; Story on Agency, 148, 160; 2 Smith's Lead. Ca. 304, 307, 309; 1 Chitty's Plead. 35.)

[330]     *Mr. Justice HEYDENFELDT delivered the opinion of the Court.    Mr. Ch. J. MURRAY concurred.

1.    It is not denied that some of the counts in the declaration were good.    The demurrer being to the whole declaration, was therefore good.

2.    A parol agreement, varying the terms of a contract under seal, is properly enforced under the *indebitatus assumpsit*, when the parol agreement has been executed. ( 2 Cal. 584.)

3.    The form of the execution of the contract made it the personal contract of the defendants, upon which they alone were liable.

Judgment affirmed.