*ANGUS McDONALD, JAMES S. BECKWITH   [335]
AND JOHN MORRIS, Respondents, v. THE
MOUNTAIN LAKE WATER COMPANY, Appellant.

Waiver of Performance.—A waiver of the performance of a written contract
under seal, may be shown by parol; and this waiver excuses the performance.

Contract, Parol Variation of.—A parol variation of a written agreement, after
its execution, will be upheld on the ground, that no one will be allowed to take
advantage of the non-performance of that which he prevented.

Appeal from the Superior Court of the City of San
Francisco.

This was an action brought by the plaintiff, to recover
from the defendant for work and labor done, under a written
contract under seal, stipulating for payments as the work
progressed.   Under the contract, the sum of $75,000 was to
be paid on the first day of October, for work to be done
during the month of September; provided, work to that
amount had been done during that period.   The plaintiffs
claimed to recover for the amount of work actually done,
viz: $53,000, during the month of September under the
contract, alleging that they had been prevented from doing
more, by the interposition of the defendant; and because of
the defendant's inability to pay according to the terms of
the contract.

The defendant denied the allegations of the complaint.

By consent of parties, the case was referred to Joseph P.
Hoge, Esq., as sole referee, to find the facts and report a
judgment.

The referee reported the facts, fully sustaining the alle-
gations of the complaint; and judgment was entered thereon,
in favor of the plaintiffs, for the sum of $56,710, with costs.

Defendant moved to set aside the report of the referee, and
for a new trial, on the grounds, among others, that the ref-
eree admitted the plaintiffs to introduce parol proof, to vary,
set aside and change the special contract under seal, set forth

[336]    in *the  complaint;  also,  parol  evidence of  a  parol
            agreement to  modify,  change  and  alter  the  special
contract declared upon, etc.

The Court refused to set aside the  report of the  referee,
or to grant a new trial, whereupon the defendant appealed.

*George C. Bates,* for Appellant.

The plaintiffs seek to recover under the contract, not upon
the common counts.    Parol evidence cannot be  given to
alter or vary the written contract. (3 Blackf. 358; 3 Term R.
592; 12 East, 583; 7 Taunt. 596; 13 Wend. 75.)

*Foote, Aldrich & Stewart,* for Respondents.

The rule of evidence relied on has no application; the evi-
dence objected to was admitted to show a waiver. (*Beach* v.
*Covillard,* decided at this term; 3 Johns. 528; 9 Pick. 298.)
Tender and refusal or waiver, are equivalent to performance.
Penalty and forfeiture are not to be favored in law, or toler-
ated in equity.    There is no error on the face of the report of
the referee, and the Court cannot look beyond it. (2 Cal. 322.)

Mr.  Justice  HEYDENFELDT  delivered  the  opinion  of  the
Court.    Mr. Ch. J. MURRAY concurred.

The action is for the  payment which, by the terms of the
written contract, was to be made in September, on account
of the work done in September.    It is objected to the recov-
ery, that the stipulated amount of  work for the month was
greater than that performed, and, therefore, the averment of
performance  is  not sustained by the  contract.    It is well
shown, however, by the pleadings, and the special finding,
that the quantity of work was diminished at the instance and
request of the defendant.    This must be regarded as a waiver,
which excuses the performance.    But if, as is contended by
the plaintiffs in error, it is a parol variation of an agreement
under seal, such variation will be upheld after its execution,
because one will not be permitted to take advantage of the
non-performance of  that which  he  prevented. (*Green* v.
*Wells,* 2 Cal. 584.)

Judgment affirmed.