JOHN S. HOUTZ, *et al., Appellants, v.* MATTHEW T. GISBORN, *et al., Respondents.*

PARTIES TO AN ACTION.—Persons owning no interest in the property in controversy, and having no interest in the event of a suit, are not necessary or proper parties thereto.

PRACTICE ACT GOVERNS ALL ACTIONS, BOTH IN LAW AND EQUITY. — The Practice, pleadings, forms and modes of proceedings of the Courts in this Territory, were intended by Congress to be left to the legislative action of the Territorial Legislature   Since the adoption of the Code of Procedure in Utah there does not exist any such thing as a Chancery proceeding separate and distinct from a legal proceeding. The Code applies and governs all pleadings, modes and forms, both at law and equity. (See Hornbuckle *v.* Toombs, 18 Wall 648, overruling Noonan *v.* Lee, 2 Black 499, Orchard *v.* Hughes, 1 Wall 77, and Dunfly *v.* Kleinsmith, 11 Wall 610. The 4¹0 Mining Co. *v.* The Bullion M. Co, 9 Nev. 240.)

MINING CLAIMS, REAL ESTATE.—Mining claims are real property and pass by deed.

SURPLUSAGE IN PLEADING.—Where a complaint taken as a whole states a good cause of action, unnecessary statements and allegations may be regarded as surplusage.

APPEARANCE WAIVES PROCESS.—A general appearance waives any informality as to the process upon which parties are brought into Court. (Mahoney *v.* Middleton, 41 Col. 41.

ORDER TO BRING IN OTHER PARTIES.—The Court may, under Section 17 of the Practice Act, order any other parties to be brought in if it cannot determine the case in his absence. (30 Cal. 497, 38 Cal. 514, 5 Cal. 516.)

APPEAL from the Third Judicial District.

The facts appear in the opinion of the Court.

*Marshal & Royle,* for Appellants.

*Rosborough & Merritt* and *Hempstead & Kirkpatrick* for Respondents.

EMERSON, J., delivered the opinion of the Court.

The Appellants in this cause aver in their complaint, that they together with one William Clark, are the owners of a mining claim, known as the Shoo Fly Lode Westerly, in Ophir Mining District in Tooele County, in this Territory, and also aver a full and complete compliance upon their part with all the laws, local rules and regulations respecting mining property, and averring and setting up a complete possessory right in themselves and said Clark.

The complaint sets out the discovery and location of said claim, and the Appellants' claim of title from the locators, but alleges that one of the deeds under which they claim, and a copy of which is filed with the complaint, is void for uncertainty and ambiguity, in not definitely stating who are the parties of the first part to that conveyance, and the contract under which that deed was given is set out in full, in order, as is alleged by Appellants, to show an equitable interest arising to them from said contract, and an agreement to convey. The complaint further avers that the Respondents have applied for a patent from the general Government, for certain mining ground and property, called by them the Mono Lode, situated in said district, and that by the survey of said Mono Lode, filed with said application, it it is made to conflict with and cover certain portions of said Shoo Fly Lode Westerly, and that the Appellants, on the 31st day of December, A. D. 1872, filed in the Land Office, where said application was pending, a protest and notice of adverse claim, and were in return served by the Register of the Land Office with a notice to commence suit in some Court of competent jurisdiction, to settle said adverse claim, within thirty days from the date of filing said notice and protest. The Appel-

lants filed their bill of complaint on the 30th day of January, A. D. 1873, upon what was termed the *Chancery* side of the Third District Court, a subpœna was issued and served, and all of the Respondents appeared in the case. A demurrer was filed on the part of the Respondents, the principle ground of which was the want of jurisdiction in a Court of Chancery to determine the case made by the complaint, and claiming that there was a plain and adequate remedy at law under the statute. Another ground of demurrer was the non-joinder of Clark, and the failure on the part of the Appellants to make the grantors in the deed before mentioned parties to the suit.

The demurrer was sustained by the Court below and the bill dismissed, and from that judgment the Appellants appeal to this Court.

Upon an examination of the certified copy of the deed contained in the record, we are satisfied that it is not liable to the objection made to it by the Appellants in their bill. If there is any ambiguity or uncertainty in the designation of the parties of the first part in the commencement of the deed, it is rendered entirely unambiguous and certain as to who those parties are by the attestation clause, and execution.

The grantors named in and who executed that deed have no interest in the premises in controversy in this suit, neither have they any interest to be in any way affected by this proceeding, and they should not be parties to it so far as is disclosed by the complaint.

The Civil Practice Act, adopted by the Territorial Assembly in 1870, abolished the distinction between legal and equitable remedies, and enacts " that there shall be in this Territory but one form of civil action for the enforcement or protection of private rights, and the redress or prevention of private wrongs."

The Supreme Court of the United States in the case of Orchard *v.* Hughes, (1 Wall 77), decided that the Territorial Courts were subject to the same general regulations in equity cases which govern the practice in the

United States Circuit and District Courts; that is, equitable remedies must be pursued under the Chancery rules prescribed by that Court.

In a very recent case the United States Supreme Court has reversed its former decision, and has given full force and effect to the Territorial statute allowing a commingling of legal and equitable remedies. In effect this last decision establishes the fact that in this Territory there is not now, and has not been since the adoption of the Code of Proceedure, any such thing as a Chancery proceeding separate and distinct from a legal proceedings. And no matter whether the relief sought be purely legal or purely equitable, the form of the complaint is left in a great measure to the judgment of the pleader, stating the whole of the plaintiff's cause of action, and demanding such relief as he may deem himself entitled to under the case made by the complaint.

By a law of the Territory those mining claims are real property and pass by deed, although the legal title is in the government. These Appellants, who were the Plaintiff's below, claim that they are in possession of the premises in controversy. A statute of the Territory gives such parties a right of action against any person who claims an estate or interest adverse to them, for the purpose of determining such adverse claim, estate or interest.

In order to preserve their rights the Appellants were compelled to bring this suit within thirty days from the date of filing their protest and notice of adverse claim, that time had nearly expired when this suit was commenced, and this was before the recent decision of the United States Supreme Court, in relation to the practice under the Code of Procedure in the Territories.

The complaint purports to be a bill to remove and quiet certain claims set up against the Appellants' rights, and though containing allegations necessary and proper in a bill in Chancery to quiet title, is in fact and effect a complaint framed for the purpose of determining a claim or interest in real estate adverse to the Appellants, and

may be regarded as stating their whole cause of action, and therefore proper and sufficient under the Code.

There may be statements and allegations in it which would not be strictly necessary under the Code; these unnecessary statements and allegations, may be regarded as surplusage, and their presence would not be a good ground of demurrer, if the complaint on the whole stated facts sufficient to constitute a cause of action, and we think it does.

As there was a general appearance on the part of all of the defendants, any informality as to the process upon which they were brought into Court is waived. We see no objection to the case proceeding under the Code.

If the Court below is satisfied that it cannot determine the controversy between the parties before it, without prejudice to the rights of Clark, and that a complete determination of the controversy cannot be had, without his presence, we are of the opinion that under the broad power given to the Court by Sections 14, 17 and 68 of the Code, proceedings may then be had to bring him into Court. For the reason that there are, doubtless, many cases now pending in the District Courts in this Territory commenced under somewhat similar circumstances as this, we are desirous of establishing some consistent and legal rule to govern those Courts in disposing of that class of cases. We think the rule adopted in this case is such a rule, and will result in saving to parties valuable rights, which would otherwise be lost to them, from following a decision of the highest judicial tribunal in the land, a decision which that tribunal has now decided was erroneous.

The judgment of the Court below in sustaining the demurrer is reversed ; the demurrer is overruled and the Defendants to have twenty days to answer after notice served upon them or their attorneys of the filing of the remittitur in the Third District Court.

McKEAN, C. J., and BOREMAN, J., concurred.