EDWARD E. POTTER, *Respondent, v.* WARREN HUSSEY, *et al., Appellants.*

PARTIES TO FORECLOSURE SUIT.—H. executed a note to M. who indorsed it to P., executing to P. a mortgage to secure the payment of the note. P. brought suit against both H. & M., setting up the note and mortgage, and praying for a sale of the mortgaged premises, and a judgment against *both* H. and M. for any deficiency; *held,* that there was no misjoinder of causes of action, and that both H. and M. were proper parties defendant.

GENERAL DEMURRER, WHEN ONE COUNT GOOD.—Where one of several counts in a complaint is good, a general demurrer should be overruled.

DELAY IN ENTERING JUDGMENT.—When judgment was ordered for Plaintiff on the 5th, but the amount was not fully ascertained so as to be entered before the 9th; *held,* no error,     .     .          .     .

APPEAL from the Third District Court.

The facts involved appear in the Opinion.

*Marshall & Royle,* for Appellants.

*Bennett & Whitney,* for Respondent.

LOWE, C. J., delived the Opinion of the Court.

32

Hussey executed a promissory note to McLaughlin, who endorsed it to the Plaintiff, executing to the Plaintiff at the same time a mortgage to secure payment of the note. Potter brought suit against both Defendants, setting up both the note and mortgage, and praying for sale of the mortgaged premises, and application of proceeds to the debt, and for personal judgment against the Defendants for any deficiency.

A demurrer to the complaint was overruled, and the Defendants not desiring to answer, judgment was rendered for Plaintiff, from which the Defendants appeal. Two grounds of error are claimed under the demurrer; first, that two causes of action are improperly joined, and second, that the complaint does not state a cause of action against the Defendants, and in favor of the Plaintiff. If the complaint is to be regarded as setting out two causes of action, which we think may well be doubted, still there is no misjoinder, for they are both upon contract, they affect all the parties to the action, and do not require different places of trial, thus fulfilling all the conditions of joinder required by Sec. 64 of the Practice Act. It is true the two Defendants are not affected precisely in the same mode, nor to the same extent, but both are liable for the principal debt, and are therefore affected by the action.

The second point upon the demurrer is equally unfounded. Whatever may be said as to the supposed second count, not setting out by itself a joint cause of action against the two Defendants, there can be no question that the first count does, and where, if several counts in a complaint, one is good, a general demurrer should be overruled.

The action was to recover a debt evidenced by a promissory note upon which one of the Defendants was liable as maker and the other as endorser, and to secure which, one of the Defendants had executed to the Plaintiff a mortgage upon real property. To recover a debt secured by mortgage, the 246th section of the code provides that but one action shall be brought, and section

13 of the code provides that, "Any person may be a Defendant who has or claims an interest in the controversy adverse to the Plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein." It is not perceived how the Plaintiff could have appropriately proceeded otherwise than he did, in view of the provisions of Sec. 246, and Sec. 13 of the code is an ample authority for uniting the two Defendants. There was no error in overruling the demurrer.

An objection is made to the judgment. It appears from a bill of exceptions that the demurrer was overruled on the 5th day of January; that the Defendants excepted, and announced their determination to stand by their demurrer, and that "thereupon upon motion of Plaintiff the Court ordered that said Plaintiff have judgment against said Defendants, and the Court requested the counsel for plaintiff to prepare and hand the Clerk the proper judgment and decree in the premises. Judgment in fact was not entered until the 9th of the month, four days subsequently to the overruling of the demurrer, and in the mean time a referee had been appointed to ascertain the amount due the Plaintiff. There was no error in this. There were not two final judgments rendered. The order of Jan. 5th was a judgment upon issue of law, to-wit: upon the issues raised by the demurrer and a finding only that Plaintiff was entitled to final judgment. The amount for which Plaintiff was entitled to judgment was not stated, had not been ascertained, and a reference to have that amount ascertained and computed was proper, and is specially provided for under such circumstances by Sec. 181 of the code. After this was done judgment in due form was rendered and entered of record on the 9th. In this there was no error. No other assignments of error are made upon the record and the judgment is affirmed.

BOREMAN, J. and EMERSON, J., concurred.