Mary Ferguson et al. v. Andrew Burt.

MARY FERGUSON ET AL., APPELLANTS, *v.* ANDREW
BURT, RESPONDENT.

1. MISJOINDER OF CAUSES OF ACTION.—The complaint contained two causes of action, separately stated; one for the specific performance of a contract to convey real property; the other to recover money upon an alleged agreement. Upon demurrer that two causes of action had been improperly joined: *Held*, That such causes of action belong to different classes, enumerated in section 64 of the Practice Act, and are improperly united.

2. PRACTICE—PLEADING.—Section 64 of the Practice Act construed, and Potter *v.* Hussey, 1 Utah, 249; Houtz *v.* Gesbon, 1 Utah, 173, and Folsom *v.* McLaughlin, 1 Utah, 178, cited and approved, and distinguished from the case at bar.

Appeal from the Third Judicial District Court.
The facts are stated in the opinion of the court.

*Gee & Fishback,* for appellants.

This case is fully within the code, even if it is held that there are two or more contracts in this matter, for all the alleged causes of action that arise out of the contract are between the same parties, are triable in the same place, and they were separately stated in the complaint. C. L. Utah, §§ 64, 416; *Potter* v. *Hussey,* 1 Utah, 249; *Grey et al.* v. *Dougherty et al.,* 25 Cal. 266; *Whiting* v. *Heslop et al.,* 4 Cal. 327; *Houtz* v. *Gesbon,* 1 Utah, 173; *Getty* v. *Hudson R. R. Co.,* 6 How. Pr. 269; *Folsom et al.* v. *McLaughlin et al.,* 1 Utah, 178.

If either count in the amended complaint be good, then this demurrer is bad, because it is held that where one out of several counts in a complaint is good, a general demurrer should be overruled. *Potter* v. *Hussey,* 1 Utah, 249; *Groesbeck* v. *Bell,* 1 Utah, 338; *N. Y. Ice Co.* v. *Northwestern Ins. Co.,* 5 How. Pr. 296.

*Sheeks & Rawlins*, for respondent.

These causes of action· are improperly joined in the complaint, not because one is legal and the other equitable, but for the reason that they belong to different classes, enumerated in section 64 of the code of Civil Procedure, relating to the joinder of causes of action.

The first cause of action belongs to the second class named in said section. C. L. § 1289; Pomroy's Rem., etc., § 494.

The second cause belongs to the first class in said section.

SCHAEFFER, C. J., delivered the opinion of the court:

Two causes of action are separately. stated in this complaint. In the first a written undertaking or contract in the words following is set out, to-wit:

SALT LAKE CITY, July 18, 1868.

In consideration of a divorce between Andrew Burt and Mary Booth, A. Burt, on his part, promises to fulfill the following agreement : To build Mary Booth a house of one room this fall, or as soon as possible; in the meantime to rent her a house until said house is built, at a reasonable rent; also to let her have three rods of ground on the northwest corner of his garden, and to pay for five hundred pounds of flour, three cords of wood, as she requires it, or sooner, if possible, and twenty dollars in cash or store pay, by the beginning of August.

ANDREW BURT, JR.

Witness, W. C. DUNBAR, *per* W. L. H. ALLEN.

And, in addition to the above, I will pay for the support of Charles Frederick Burt Booth the sum of six dollars per month, commencing the first week in September, 1868.

ANDREW BURT, JR.

Witness, W. C. DUNBAR, *per* W. L. H. ALLEN.

The first count then states that the contract, as set out above, was not drawn or written by either of the parties to this action, nor was it drawn or written under the supervision of either the plaintiff or the defendant, and in substance

charges that the writing does not fully express the then under-
standing and agreement of the parties, especially in regard to
the description of the land, the time when it was to be con-
veyed, and the consideration for such conveyance; and asks
for a reformation of the contract, and a specific performance
of the contract when so reformed as to the conveyance to the
plaintiff by the defendant of the land intended to be described
in the contract.

The second cause of action sets out the same written instru-
ment as the first, and then avers " that on the first day of
September, 1868, pursuant to said contract, the plaintiff Mary
Ferguson, then Mary Booth, took the care, guardianship and
control of the said Charles Frederick Burt Booth, then of the
age of three years, and from said 1st day of September, 1868,
has well and faithfully furnished him support and mainte-
nance up to the date of the commencement of this action, and
further avers that plaintiff has duly performed all the condi-
tions of said contract on her part, and that the defendant paid
her the monthly payments of six dollars, on or about the
second day of each month, up to the month of October, 1872,
that since then the defendant has paid nothing, but has wholly
neglected and refused to pay, and that at the commencement
of this suit there was due to the plaintiff from the defendant
the aggregate sum of three hundred and sixty-three dollars,
and interest thereon, for such support and maintenance of said
Charles Frederick Burt Booth, and prays for judgment
accordingly.

To this complaint a demurrer was filed by the defendant.
The court sustained the demurrer. The plaintiffs elected to
stand by their complaint, whereupon the suit was dismissed, and
the plaintiffs have brought the cause here on appeal from the
judgment of dismissal and the order sustaining the demurrer.

Among the causes for demurrer assigned by the defendant
is that " the complaint contains a misjoinder of causes of
action, to-wit: One in equity for specific conveyance of land,
and one in law upon an agreement for the payment of money."

In section 64 of our Practice Act it is provided that the plaintiff may unite several causes of action in the same complaint when they all arise out of—

*First*—Contracts, express or implied.

*Second*—Claims to recover specific real property with or without damages for the withholding thereof, or for waste committed thereon, and the rents and profits of the same. * * * "But the causes of action so united shall all belong to only one of these classes, and shall affect all the parties to the action, and not require different places of trial and shall be separately stated."

Section 40 of our Civil Practice Act makes the fact " that several causes of action have been improperly united," a ground of demurrer to the complaint.

I think it is perfectly clear that the first cause of action in the complaint belongs to the second class specified in section 64 of our Civil Practice Act, and that the second cause of action in the complaint belongs to the first class specified in that section; and that for that reason the demurrer was properly sustained and the judgment of the court dismissing the suit must be affirmed.

I do not see that the authorities cited by the appellants' attorneys in any degree militate against the construction above given to sections 40 and 64 of our Civil Practice Act. In the case of *Potter* v. *Hussey et al.*, 1 Utah, 249, the complaint was for a foreclosure of a mortgage, with a second count for personal judgment on the note against the makers of the note. In this case the second count may have been unnecessary, but it was not like the case at bar.

I cannot see that the case of *Houtz* v. *Gisbon*, 1 Utah, 173, has any reference to the case at bar, or that it in any way relates to the sections of the statute above referred to.

The case of *Folsom* v. *McLaughlin*, 1 Utah, 178, like the one last above cited, recognizes the fact that our Civil Practice Act applies to all cases, whether at law or in chancery, but does not in any way construe the statute, or attempt to

determine what causes of action may or may not be united in a complaint.

The case of *Gray et al.* v. *Dougherty et al.*, 25 Cal. 26, recognizes the fact that under our statute legal and equitable causes of action may be joined in the same complaint; but it does not say that when those causes of action belong to different classes, under section 64 of the Practice Act, they may still be united. In this case the union of the two causes were one for specific performance and the other for damages for failure to perform, which both belonged to the second class specified in said section 64.

In the case of *Whiting* v. *Heslep et al.*, 4 Cal. 327, the familiar rule is avowed that a general demurrer to the whole declaration, when some of the counts are good, should be overruled; but has no reference to a special cause of demurrer for misjoinder of causes of action.

In the case of *Getty* v. *Hudson Riv. R. R. Co.*, 6 How. Pr. R. 269, the complaint was for a trespass to real estate, with an equitable cause for an injunction to restrain the defendant from further trespass. This, I believe, is now the uniform practice under the code, but it does not seem to me to apply to the case at bar.

Several other causes for demurrer are assigned by the defendant which it is not necessary to consider.

For the reasons aforesaid, the judgment of the District Court is affirmed, with costs.

EMERSON and BOREMAN, J. J.. concurred.