[L. A. No. 4464.   Department One.—July 19, 1918.]

## CLARA BRANDT, Appellant, v. FERDINAND M. BRANDT, Respondent.

PLEADING—DEMURRER—COMPLAINT IN MORE THAN ONE COUNT.—Where a complaint in more than one count is attacked by demurrer on the grounds of want of sufficient facts and lack of jurisdiction in the court, the objection being directed to the complaint as a whole and not to the causes of action severally, if either count be good, the demurrer should not be sustained.

HUSBAND AND WIFE—SUPPORT AND MAINTENANCE WITHOUT DIVORCE—ACTION BY WIFE—SUPPORT OF CHILD OF AGE WHEN COMPLAINT FILED—SUFFICIENCY OF COMPLAINT.—Where one count of a complaint sets forth the facts necessary to entitle a wife to maintain an action for support and maintenance, under section 137 of the Civil Code, the circumstance that support is also asked for a child of the

marriage who appears to have been of age when the complaint was filed cannot affect the right of the wife to obtain support for herself.

ID.—DESERTION — CRUELTY AS JUSTIFICATION — UNJUST CHARGES OF ADULTERY.—Although an accusation of adultery by either spouse against the other, if unfounded and unjustified, may amount to extreme cruelty, it is not the law that such an accusation, even though it be not proven, necessarily constitutes extreme cruelty. To have that effect, the conduct complained of must meet the requirements of the statutory definition of extreme cruelty in section 94 of the Civil Code, viz., "the wrongful infliction of grievous bodily injury, or grievous mental suffering," and whether the charges made were unjustified, or whether they inflicted grievous or any suffering upon the other spouse, are matters of fact to be determined·in a proceeding in which those issues are raised.

ID.—PLEADING—INSUFFICIENT ALLEGATION OF CRUELTY.—An allegation in a pleading to the effect that a wife had brought an action for divorce in a New Jersey court alleging adultery and asking for separate maintenance, and that a final decree was entered in that court that she was not entitled to the relief prayed for, merely alleges that the wife did not succeed in establishing the truth of·her charge to the satisfaction of the New Jersey court, and this falls far short of an affirmative showing that she was guilty of cruelty justifying him in leaving her.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

Ralph Woods Pontious, and D. M. McDonald, for Appellant.

W. H. Dehm, for Respondent.

SLOSS, J.—The court below sustained a demurrer to the plaintiff's second amended complaint, without leave to amend, and entered judgment in favor of the defendant. Plaintiff appeals from the judgment.

The complaint in question is in two counts. The first alleges that the parties intermarried on the twenty-seventh day of July, 1895, and ever since have been husband and wife. On the twentieth day of March, 1901, the defendant, without any cause, left and abandoned the plaintiff, against her will and consent, and has ever since refused to return to her and live with her. Since June, 1903, the defendant has

not contributed in any way to the support or maintenance of the plaintiff, or of their child, a daughter, born in May, 1896. Said daughter has at all times resided with, and been supported by, the plaintiff. Plaintiff has no means of support, nor has her daughter any such means, other than the earnings of the plaintiff. The defendant owns considerable property, and earns from one hundred and fifty dollars to two hundred dollars per month. It is also alleged that seventy-five dollars per month are necessary for the support and maintenance of the plaintiff and the said child.

Before passing to the second count, it is to be noted that the demurrer, which is based upon the grounds of want of sufficient facts and lack of jurisdiction in the court, is directed to the complaint as a whole, not to the causes of action severally. If either count be good, the demurrer should not, therefore, have been sustained. (*Whiting* v. *Heslep,* 4 Cal. 327; *Hand* v. *Scodeletti,* 128 Cal. 674, [61 Pac. 373].) The respondent suggests no reason why the first count should be held subject to the grounds of demurrer specified, and we see none. This count sets forth the facts necessary to entitle a wife to maintain an action for support and maintenance without divorce. (Civ. Code, sec. 137.) The circumstance that the child appears to have been of age when the complaint was filed cannot affect the right of the wife to obtain support for herself.

These considerations suffice to indicate the necessity for a reversal of the judgment. As a guide to further proceedings, it may be well to add a few words regarding the second cause of action. In that part of her pleading, the plaintiff repeats, in substance, everything contained in the first count, and, in addition, seeks to be relieved from the effect of a decree of divorce obtained against her by the defendant in the circuit court of Cook County, Illinois. By her allegations the plaintiff attacks this judgment upon the ground of fraud, it being alleged, in effect, that she had no personal knowledge of the pendency of said action, in which there had been only a constructive service of summons. The fraud relied upon consisted in the defendant's sworn declaration to the Illinois court that the plaintiff herein, his wife, was a resident of the state of New York, she then being, as he well knew, a resident of New Jersey. In consequence of this false statement, process was sent to her by mail to New York, instead of to

her true address in New Jersey. The sufficiency of these allegations to make out a case for relief against a judgment on the ground of fraud is not disputed by the respondent. His sole claim is that by reason of further allegations in the second count it appears affirmatively that the plaintiff herself, rather than the defendant, was guilty of desertion. This contention is based upon an averment in the pleading that in 1901, some years prior to the divorce proceedings in Illinois, the plaintiff had brought an action against defendant in a New Jersey court, "alleging adultery and asking for separate maintenance." Said cause was tried, and a final decree was entered by the chancellor of the state of New Jersey, "wherein the court found that the petitioner, Clara Brandt, was not entitled to the relief sought and prayed for in the petition on the proof introduced."

The argument is that the making of unfounded charges of adultery by either spouse against the other constitutes extreme cruelty, justifying the accused in leaving the accuser, and that, therefore, the husband was not guilty of desertion. But it is not the law that an accusation of adultery, even though it be not proven, necessarily constitutes extreme cruelty. The most that can be said is that the accusation, if unfounded and unjustified, *may* amount to such cruelty. To have this effect the conduct complained of must meet the requirements of our statutory definition of extreme cruelty, viz., "the wrongful infliction of grievous bodily injury, or grievous mental suffering." (Civ. Code, sec. 94; 9 R. C. L. 345.) Whether the charges made by the wife were unjustified, or whether they inflicted grievous or any suffering upon the husband, are matters of fact to be determined in a proceeding in which these issues are raised. (*MacDonald* v. *MacDonald,* 155 Cal. 665, [25 L. R. A. (N. S.) 45, 102 Pac. 927].) The complaint before us merely alleges that the wife did not succeed in establishing the truth of her charge to the satisfaction of the New Jersey court. This falls far short of an affirmative showing that she was guilty of cruelty justifying him in leaving her. We think, therefore, that the second count, equally with the first, was good as against the demurrer interposed.

The judgment is reversed.

Shaw, J., and Richards, J., *pro tem.,* concurred.