[Civ. No. 4038. Second Appellate District, Division Two.—July 16, 1923.]

## D. D. SALLEE, Respondent, v. FLORENCE V. SALLEE, Appellant.

[1] DIVORCE—EXTREME CRUELTY—DESERTION—EVIDENCE.—While proof of extreme cruelty, as defined in section 94 of the Civil Code, is not necessarily the same as cruelty sufficient to justify the spouse upon which it is practiced leaving the one practicing it, the acts of cruelty in either case must be such as to cause the same result, to wit: grievous bodily injury, or grievous mental suffering, upon the other party by one party to the marriage.

[2] ID.—FALSE ACCUSATIONS—MENTAL SUFFERING—PLEADING.—In an action for divorce upon the ground of extreme cruelty under section 94 of the Civil Code, or desertion under section 98 of the Civil Code, a complaint based on charges of improper conduct made by defendant against plaintiff is defective where it is not alleged that the charges were untrue, or that such accusations caused plaintiff mental suffering of a grievous character.

[3] ID.—FALSE ACCUSATIONS—PLEADING—EVIDENCE—WAIVER.—The objection that such complaint is defective, in that it fails to allege that the charges of improper conduct made by defendant were untrue, is waived by defendant, where no demurrer is interposed to the complaint and evidence is introduced by plaintiff, without objection from defendant, to show that the accusations were untrue.

[4] ID. — MENTAL SUFFERING — PLEADING — EVIDENCE — FINDINGS — ABSENCE OF WAIVER.—The objection that such complaint is defective, in that it fails to allege that the accusations made by defendant caused plaintiff mental suffering, is not waived by defendant by her failure to interpose a demurrer, where that element of the case is entirely disregarded, not only in the complaint, but also in the evidence and findings.

[5] ID. — OFFER OF RECONCILIATION — TIME. — Offers of reconciliation after desertion must be made within one year in order to be availing.

[6] ID.—FAMILIARITY WITH OTHER WOMAN—ADMISSIBILITY OF LETTERS—SUFFICIENCY OF FOUNDATION.—In an action by a husband for divorce based upon alleged false accusations of plaintiff's im-

<hr>

1. Charge of adultery as extreme cruelty warranting divorce, notes, Ann. Cas. 1918B, 480, 500; 18 L. R. A. (N. S.) 305; 34 L. R. A. (N. S.) 360.

proper relations with a certain woman, letters written by the latter to plaintiff, and which showed a sufficient intimacy between such parties to render the letters relevant to the issue of good faith and justification of defendant in making the charges against plaintiff, are properly admitted in evidence after it is shown that they were written by said woman, that she was a close friend and associate of plaintiff, and that such letters came into possession of defendant before she made the accusations against plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Summerfield, Judge. Reversed.

The facts are stated in the opinion of the court.

Ray E. Nimmo for Appellant.

Grant Jackson, Bert Woodard, W. T. Kendrick, Jr., and Hal Hughes for Respondent.

CRAIG, J.—This is an action for divorce, and the appeal is from an interlocutory decree rendered in favor of the plaintiff.

The complaint contains four alleged causes of action, but they repeatedly cover the same ground, and, if at all, justify a decree in favor of the plaintiff upon but two theories. These are, extreme cruelty under section 94 of the Civil Code, or desertion under section 98 of the Civil Code.

The cruelty charged is purely mental in character, and consists of accusations made by the defendant to the plaintiff directly, and to a third person, charging him with improper attentions to other women. The complaint includes much redundant matter. The material incidents related are but two—the first occurring on the 25th and 26th of February, 1915, and the second on April 22, 1921; but in the last analysis the plaintiff's right of action depends upon what took place on the first of these occasions. Concerning this, the complaint alleges that on the twenty-fifth day of February, 1915, the defendant accused the plaintiff of "fooling around with other women," that she persisted in this until the plaintiff finally "went to sleep with his wife still talking about 'other women.'" It is stated that on the morning of the 26th Mrs. Sallee resumed the talk about other women, and again charged him with "running around with

them.'' He thereupon got his effects together, and left the defendant's bed and board in the family residence. The court finds that: ''On February 26, 1915, nor at any other time did plaintiff leave the bed and board of defendant by reason of her extreme cruelty practiced upon him, but that on said day the plaintiff did depart from the bed and board and family residence of the parties hereto by reason of the following stated facts, to wit.''

The finding then goes on to cover the facts which we have related above, and concludes that the plaintiff was justified in leaving the defendant ''by reason of the fact that the language used to him by the defendant was cruel.'' It may be said here that on account of the finding first quoted that the plaintiff did not leave the defendant by reason of her extreme cruelty practiced upon him, the issue is narrowed down to one of desertion based upon cruelty under Civil Code, section 98. Appellant argues that the finding that plaintiff did not leave the defendant because of her extreme cruelty practiced upon him is inconsistent with the other findings to the effect that the defendant was guilty of cruelty and that the plaintiff departed from the family residence on account of it. [1] While proof of extreme cruelty, as defined in section 94 of the Civil Code, is not necessarily the same as cruelty sufficient to justify the spouse upon which it is practiced leaving the one practicing it (*White* v. *White*, 86 Cal. 219 [24 Pac. 996]), the acts of cruelty in either case must be such as to cause the same result, to wit: grievous bodily injury, or grievous mental suffering, upon the other party by one party to the marriage. (*Brandt* v. *Brandt*, 178 Cal. 548 [174 Pac. 55].)

[2] There are two respects in which the complaint is clearly defective. It is nowhere alleged that the charges of improper conduct made by Mrs. Sallee against her husband were untrue. Of course, if they were true, and justified, it was not cruelty to make them. (*Brandt* v. *Brandt*, 178 Cal. 548 [174 Pac. 55]; *Kuhl* v. *Kuhl*, 124 Cal. 57 [56 Pac. 629].) Another allegation essential to a complete cause of action under section 98 of the Civil Code is, that the making of the accusations caused the plaintiff mental suffering of a grievous character, for, in order that the conduct of the offending party be a justification for the other leaving, such conduct must meet the requirements of the statu-

tory definition of extreme cruelty. (*Brandt* v. *Brandt*, *supra*.) And it is settled law that in making out a case of extreme cruelty under section 94 of the Civil Code, it is not sufficient to allege the application of vile names, but it must be made to appear further that such language produced grievous mental suffering upon the injured party. This is true, because the grievous mental suffering is the ultimate fact, and the application of the vile language is merely probative. (*Smith* v. *Smith*, 124 Cal. 651 [57 Pac. 573]; *Barnes* v. *Barnes*, 95 Cal. 171 [16 L. R. A. 660, 30 Pac. 298].) **[3]** But no demurrer was interposed to the complaint; the case was tried, and the court made its findings. Evidence was introduced by the plaintiff, without objection from the defendant, to show that the accusations of improper conduct against the husband were untrue, and under the familiar rule that where parties join issue during the trial of a case as though the pleadings presented the issues in question they will be held to have waived the right to object to a deficiency in the pleadings, it may be that the defendant is precluded from raising the point here that the complaint is defective in failing to allege that the charges made by her were false. **[4]** However, this rule cannot be invoked by the plaintiff to sustain the decree in so far as the second insufficiency of the complaint above pointed out is concerned. The question of the husband's grief and mental distress seems to have been entirely disregarded, not only in the pleadings, but in the evidence and findings, as well. There is nothing in the record before us to indicate that the making of the charges of improper conduct against the plaintiff caused him any mental uneasiness. It is related in the complaint that the plaintiff went to sleep while the wife was still talking of his attentions to other women. If such remarks served as a beneficial sedative, inducing rest and quiet, it is apparently inconsistent to assume that they also constituted cruelty toward him. Without some allegation in the complaint, or some finding, that the making of the accusations produced mental suffering on the part of the plaintiff, no cause of action was or could be stated on the ground of desertion following alleged cruelty under section 98 of the Civil Code. (*Maloof* v. *Maloof*, 175 Cal. 571 [166 Pac. 330]; *Kuhl* v. *Kuhl*, *supra*; *Nelson* v. *Nelson*, 18 Cal. App. 602

[123 Pac. 1099]; *Cargnani* v. *Cargnani,* 16 Cal. App. 96 [116 Pac. 306].)

We conclude that a reversal must be granted, hence it is not necessary to decide several of the points raised by the appellant.

If upon another trial the court should conclude that the statements made by the defendant to and concerning her husband of familiarity with other women were both untrue and unjustified, and that the making of the charges in question resulted in such mental suffering upon the part of the plaintiff as to justify him in leaving the defendant, it would be unnecessary to go into the subsequent events alleged to have taken place, for the plaintiff would be entitled to a decree. On the other hand, if the court should find that the accusations were true or justified, or that, being untrue or unjustified no mental suffering resulted to the plaintiff, it would follow from such finding that he had no right to leave the defendant following the occurrences of February 25 and 26, 1915; his departure at that time would necessarily be desertion upon his part. **[5]** In order that the offers of reconciliation which the court found were made by him should be availing they must have been made within one year from the 26th of February, 1915. There is no finding to that effect in the record before us. But, if the offers by the plaintiff to return to the defendant were made within the period we have indicated, it would then become necessary to consider the circumstances surrounding the episode found by the court to have occurred in the office of Gesner Williams on the 22d of April, 1921. The issue thus presented would be governed by the general principles already discussed herein.

**[6]** But in view of the expectancy of another trial, one other point requires notice. Certain letters asserted to have been written by one Edna Fowler to the plaintiff were offered in evidence by the defendant, but denied admission by the court on the ground that they were irrelevant, immaterial, and incompetent. Without stating in detail the contents of these letters, it is sufficient to say that they at least showed sufficient intimacy between the writer of them and the plaintiff to render them relevant to the issue of Mrs. Sallee's good faith and justification in charging her husband with improper relations with Miss Fowler. If all the

circumstances were such as to have justified the defendant in making the charges which she did, it was not cruelty upon her part to make them, and a considerable latitude must necessarily be allowed in such instances to establish justification. It appears to us that a sufficient foundation would be laid for the introduction of the letters if it should be shown that Miss Fowler wrote them, that she was a close friend and associate of the plaintiff, and that they came into possession of Mrs. Sallee before she made the accusations against her husband.

The judgment is reversed and the trial court is directed to allow an amendment of the complaint to conform to the legal principles herein announced.

Finlayson, P. J., and Works, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 13, 1923.