[Civ. No. 216. Fifth Dist. Apr. 22, 1963.]

CLARA A. CORREIA, Plaintiff and Respondent, v. MANUEL C. CORREIA, Defendant and Appellant.

George G. Murry for Defendant and Appellant.

D. Oliver Germino for Plaintiff and Respondent.

CONLEY, P. J.—Clara A. Correia sued her husband for separate maintenance. He in turn filed a cross-complaint for

divorce. After trial the court determined that the plaintiff was entitled to judgment against defendant for separate maintenance on the ground of extreme cruelty but did not award a divorce to appellant on his cross-complaint.

The defendant and cross-complainant appeals, contending that the complaint is fatally defective, that the evidence does not justify the court's amended finding that he was guilty of extreme cruelty which caused grievous mental suffering and that such finding is void because it is outside the issues.

Section 137 of the Civil Code sets forth the requirements for a separate maintenance action as follows.

"When the husband or wife has any cause of action for divorce as provided in this code, or the husband or wife wilfully deserts the wife or husband, or when the husband or wife wilfully fails to provide for the wife or husband, he or she, as the case may be, may, without applying for a divorce, maintain in the superior court an action against her or him, as the case may be, for the permanent support and maintenance of herself or himself, and may include therein at her or his discretion an action for support, maintenance and education of the children of said marriage during their minority. Such action shall be known as an action for separate maintenance."

Thus, a wife may sue for separate maintenance if the husband wilfully deserts her, or wilfully fails to provide her with the necessaries of life, or if she has a cause of action for divorce. ▉ One of such causes of action for divorce is, of course, extreme cruelty (Civ. Code, § 94), and if physical suffering by bodily injury is not involved, the essence of this charge is "grievous mental suffering." (*Negley* v. *Negley,* 82 Cal.App.2d 355 [186 P.2d 151]; *Farrand* v. *Farrand,* 77 Cal.App.2d 840 [176 P.2d 773]; *Burt* v. *Burt,* 187 Cal. App.2d 36 [9 Cal.Rptr. 440]; *Nason* v. *Nason,* 48 Cal.App.2d 500 [120 P.2d 37]; *Sallee* v. *Sallee,* 63 Cal.App. 54 [218 P. 69]; *Zartarian* v. *Zartarian,* 47 Cal.App. 90 [190 P. 196].)

▉ The complaint in this case, without separately stating such contentions, is obviously based on two theories, failure to provide, and extreme cruelty. In this connection it is alleged:

"That during all the married life of said parties herein, Defendant has been cold and indifferent toward Plaintiff: That all of said time Defendant has neglected, failed and refused to provide Plaintiff with the Common necessities of life; That on many and numerous occasions Defendant has

threatened to physically abuse and assault said Plaintiff.''

The complaint is defective with respect to extreme cruelty in its failure to allege either that the plaintiff has a cause of action for divorce or that the course of conduct of the defendant constituted extreme cruelty which caused plaintiff grievous mental suffering.

The question remains whether the defects in the pleading constitute reversible error, in view of the proof and the findings of the trial court.

The findings, amended on motion for a new trial in accordance with the permission granted by section 662 of the Code of Civil Procedure, contain the following:

''That each and all the allegations set forth in Paragraphs I, II, III and V of Plaintiff's Complaint on file are true; That the acts and conduct of the Defendant set forth in the plaintiff's Complaint caused Plaintiff grievous mental suffering, and that Defendant by reason thereof has been guilty of extreme cruelty to Plaintiff.''

■ Appellant suggests that the court's finding of extreme cruelty is not supported by the evidence. A careful survey of the reporter's transcript, however, shows that both court and counsel must have understood that the existence or absence of extreme cruelty was one of the principal questions to be resolved, and that there was ample evidence to justify the court in finding the existence of this necessary element.

The evidence shows that the plaintiff and defendant were married for a period of 13 years; that during that time the defendant bought no clothing whatsoever for the plaintiff, due in part to the fact that she was an expert seamstress, but that this niggardliness was so marked that he never voluntarily purchased any article of clothing for her during that period of time; that the defendant, much to the annoyance and disgust of plaintiff, made a practice of defecating and urinating in his garden and backyard and that he at times called her ''bad names.'' The evidence shows further that defendant did not pay for doctors' services to his wife and that he gave little or no attention to fainting fits which she testified she had suffered as frequently as twice a week; in connection with such attacks he never called a doctor for her, and on the occasion of their final separation, while they were at the home of friends for dinner and she suffered two fainting spells, he left her lying on the floor in the bathroom and departed, never to return for her. Mrs. Correia testified that she suffered from a serious heart condition, and the court's

finding that the defendant was cold and indifferent in his attitude toward his wife is demonstrated by his lack of attention to her during these physical seizures. Furthermore, they often quarreled, as corroborated by other testimony, and the defendant threatened her with physical harm. The trial judge, who observed the parties and could form his opinion through such observation as to the nervous organization and sensibilities of the plaintiff, her character and habits, had ample ground to make the finding of extreme cruelty and grievous mental suffering, and we are in no position to differ from the trial court in its finding.

It should be noted that this evidence, which was clearly designed to prove extreme cruelty and grievous mental suffering and nothing else, was received without objection on the part of defendant's counsel. As an attorney at law he presumably was familiar with the basic law of divorce, including the requirements for the proof of extreme cruelty, and he could not have misunderstood the purport or intent involved in the production of this evidence. Counsel for the defendant not only made no objection to receiving this testimony, but he cross-examined the plaintiff at great length on the same subject matter. If there were any doubt as to his understanding of the aim and purpose of this proof, it would be effectively removed through the filing by him in the court below of a document denominated "Objections to Findings, Counter Findings, and Request for Special Findings," in which he says: "Request is hereby made for special findings on the following matter: What acts on the part of Defendant caused Plaintiff's grievous mental suffering? When and where such acts took place and whether or not they were malevolent." Can there be any doubt that the case was tried on the theory that defendant was guilty of extreme cruelty?

In *Ades* v. *Brush*, 66 Cal.App.2d 436, 444 [152 P.2d 519], it is said: "It is also well settled that the failure of a complaint to state a cause of action is not fatal to a judgment for the plaintiff unless the appellant can show that the error has resulted in a miscarriage of justice. Where the parties at the trial treat a certain issue as being involved, and the judgment is based on that issue, it is not a prejudicial error that the complaint defectively alleges, or fails to allege at all, that issue. [Citations.]"

And *Priebe* v. *Sinclair*, 90 Cal.App.2d 79, 87 [202 P.2d 577], sets up the same rules as follows:

"When an action is tried on the theory that a material

issue is properly before the court the losing party cannot raise the objection for the first time on appeal from the judgment that there was no such issue [citations], and the fact that the complaint alleges the issue defectively, or does not allege it at all, is not reversible error. [Citations.]'' (See also *Baker* v. *Miller,* 190 Cal. 263, 267 [212 P. 11]; *Nadell & Co.* v. *Grasso,* 175 Cal.App.2d 420, 425 [346 P.2d 505]; *County of San Mateo* v. *Bartole,* 184 Cal.App.2d 422, 430 [7 Cal. Rptr. 569]; *Page* v. *Page,* 199 Cal.App.2d 527, 532 [18 Cal. Rptr. 897]; *Steffen* v. *Refrigeration Discount Corp.,* 91 Cal. App.2d 494, 500 [205 P.2d 727]; *Estate of Claussenius,* 96 Cal.App.2d 600, 606 [216 P.2d 485]; *McClure* v. *Donovan,* 33 Cal.2d 717, 731 [205 P.2d 17]; *Etienne* v. *Kendall,* 202 Cal. 251, 256 [259 P. 752]; *Bonney* v. *Petty,* 125 Cal.App. 527, 530 [13 P.2d 969]; *Merrill* v. *Normandie Corp.,* 110 Cal. App. 621 [294 P. 774].)

The contention of the appellant that the findings of the trial court with regard to grievous mental suffering and the existence of a cause of action for divorce based on extreme cruelty are entirely outside of the issues and therefore void (*Crescent Lumber Co.* v. *Larson,* 166 Cal. 168 [135 P. 502]; *Baar* v. *Smith,* 201 Cal. 87 [255 P. 827]; *Palpar, Inc.* v. *Thayer,* 82 Cal.App.2d 578, 583 [186 P.2d 748]) is unsound as applied to this litigation in view of the exception to the general rule noted in the foregoing authorities. As is stated in *Crescent Lumber Co.* v. *Larson, supra,* at page 171: ''. . . a finding may be considered where the issue, though not formally raised by the pleadings, was tried in the court below without objection,'' and the same exception is noted in *Baar* v. *Smith, supra,* at page 99.

 It is true that grievous mental suffering is of the essence of the charge of extreme cruelty (*Ritter* v. *Ritter,* 103 Cal.App. 583, 587 [284 P. 950]; *Williams* v. *Williams,* 146 Cal.App.2d 307 [303 P.2d 586]), and it is necessary that the findings show the existence of extreme cruelty and grievous mental suffering to justify a divorce on that ground. (*Sallee* v. *Sallee, supra,* 63 Cal.App. 54, 57.) It is not always necessary, however, for a plaintiff to testify in so many words that the course of conduct complained of caused her grievous mental suffering; often that inferential finding would follow from the nature of the evidence and the character, education, training and sensibilities of the parties involved. (*Bush* v. *Bush,* 72 Cal.App.2d 487 [164 P.2d 774]; *Gordon* v. *Gordon,* 153 Cal.App.2d 373 [314 P.2d 511].) The trial judge

is normally the one person best fitted to form a sound conclusion on this subject through the opportunity afforded him to listen to the witnesses and to observe their demeanor.

Carefully considering the entire record in the case, we believe that the judgment is legally unassailable and that it should be approved by this court.

The judgment is affirmed.

Brown (R.M.), J., and Stone, J., concurred.