RAFAEL BONIT RONDÓN, Plaintiff and Appellant, v. JOSEFA BETANCOURT, Defendant and Appellee.

No. 4958. Argued March 11, 1930.—Decided March 31, 1930.

R. *Cuevas Zequeira,* for appellant.   *Adrián Agosto,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Rafael Bonit Rondón appeals from an adverse judgment in a suit for divorce and says that the court below erred in finding that a preponderance of the evidence was in favor of defendant. A careful reading of the stenographic record discloses no manifest error on the part of the trial judge in the weighing of the evidence.

Another contention is that the district court had an erroneous concept as to what constitutes desertion. The theory of appellant is that his wife deserted him when he was obliged to leave home on account of alleged cruel treatment. A previous effort to obtain a divorce on the ground of cruel treatment, however, proved unsuccessful. The finding of the court below was that Bonit's own conduct caused the incandescent domestic situation invoked by him as a justification for his departure. As pointed out in *Boeck* v. *Boeck* (Idaho), 161 Pac. 576, quoted with approval in *Kennerley* v. *Kennerley,* 29 P.R.R. 723, 729:

"Divorce is a remedy for the relief of an injured spouse who has not been the voluntary, procuring cause of the acts relied upon to invoke it, and it is not available for one who, disregarding the solemnity of the nuptial vows, prompts the other party to the marriage to conduct which would be inexcusable if committed against a

husband or wife who was honestly endeavoring to sustain the marriage relation.''

Some stress is laid on section 158 of the Civil Code which provides that:

"The wife shall obey her husband and follow him wherever he elects to reside.''

This right of election is not absolute, and the duty of the wife to follow and obey may depend upon the circumstances of a particular case. Here the wife was living with her son, a youth of seventeen, and her ten-year-old daughter in an apartment on San Sebastián street, where she also received her friends and customers and did her work as a dressmaker. What the husband offered "as a residence" for this family of four was a room already occupied by him in the rear of a barber shop on Allen street, where he worked as a barber at a weekly stipend of fifteen dollars. His offer to share this place of abode was made on one occasion through Fernando Ramos, the proprietor of the barber shop, accompanied by another messenger, and again, according to the testimony for plaintiff, through his cousin, Felipe Dávila. Both Ramos and Dávila had been witnesses for plaintiff in his first unsuccessful attempt to obtain a divorce.

The complaint in the present proceeding was filed in October, 1926. In October, 1928 it was amended by including therein an indirect reference to efforts made by plaintiff with a view to reconciliation. The first of these offers was made sometime during the year 1927. The wife denies the alleged visit by Dávila. She says that she accepted the offer that came through Ramos and his companion, and told them that she was ready to go with Bonit whenever he came for her. She also added that up to the date of the trial in February, 1929, he had not called. In any event a refusal to accept Bonit's offer, would not have established that definite determination to effect a permanent separation, which the law requires in cases of this kind.

The district court had good reason to question, as it did question most seriously, the purpose, motive, and good faith of Bonit in making the offer.

The judgment appealed from must be affirmed.