RAFAEL BONIT RONDÓN, demandante y apelante, *v.* JOSEFA BETANCOURT, demandada y apelada.

No. 4958.—*Sometido:* Marzo 11, 1930. *Resuelto:* Marzo 31, 1930.

*R. Cuevas Zequeira,* abogado del apelante; *Adrián Agosto,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Rafael Bonit Rondón apela de una' sentencia adversa dictada en un pleito de divorcio, y dice que la corte inferior cometió error al resolver que la preponderancia de la prueba favorecía a la demandada. Una lectura cuidadosa del récord taquigráfico no revela manifiesto error por parte del juez' sentenciador en la apreciación de la prueba.

Otra contención es que la corte de distrito tuvo un concepto' erróneo de lo que constituye abandono. La teoría del apelante es que su esposa lo abandonó cuando él se vió obligado a marcharse del hogar a causa de un supuesto trato cruel. Sin embargo, un esfuerzo anterior para obtener el divorcio fundándose en trato cruel, resultó infructuoso. La' conclusión a que llegó la corte inferior fué que la propia conducta de Bonit fué la causante de la situación doméstica incandescente invocada por él como justificativa de su partida. Según se indica en el caso de *Boeck* v. *Boeck,* (Idaho) 161 Pac. 576, citado con aprobación en *Kennerley* v. *Kennerley,* 29 D.P.R. 777, 783,

"El divorcio es un remedio para beneficio de uno de los esposos agraviados que no ha 'sido la causa voluntaria y determinante de los actos en que se funda para invocarlo, y no está al alcance de una persona que en desatención de la solemnidad de los lazos conyugales impulsa al otro cónyuge a observar una conducta que sería inexcusable de cometerse contra un marido o mujer que verdaderamente trataba de sostener las relaciones matrimoniales."

Se hace algún hincapié en el artículo 158 del Código Civil que dispone que:

"La mujer está obligada a obedecer y seguir a su marido dondequiera que fije su residencia."

Este derecho de elección no es absoluto, y el deber de la esposa de seguir y obedecer a su marido puede depender de las circunstancias de un caso determinado. En el presente, la esposa vivía con su hijo, un joven de diecisiete años, y con su hija de diez años, en un apartamiento de la Calle San Sebastián, donde ella recibía a sus amigos y clientes y trabajaba como costurera. Lo que el marido ofrecía como "residencia" para esta familia de cuatro personas era una habitación, ya ocupada por él, en la parte trasera de una barbería en la Calle Allen, donde trabajaba como barbero a un estipendio semanal de quince dólares. Su oferta de compartir con su familia esta morada fué hecha en una ocasión por conducto de Fernando Ramos, dueño de la barbería, quien fué acompañado por otro emisario, y, nuevamente, de acuerdo con la declaración del demandante, por mediación de su primo Felipe Dávila. Tanto Ramos como Dávila habían sido testigos del demandante en su primera tentativa infructuosa de obtener el divorcio.

La demanda en el presente caso fué radicada en octubre de 1926. En octubre de 1928 fué enmendada en el sentido de incluir una referencia indirecta a los esfuerzos realizados por el demandante con el fin de lograr la reconciliación. La primera de esas ofertas se efectuó allá por el 1927. La esposa niega la alegada visita de Dávila. Ella dice que aceptó el ofrecimiento héchole por conducto de Ramos y su acompañante, y que les manifestó que ella estaba dispuesta a irse con Bonit cuando él viniera a buscarla. También ella agregó que hasta la fecha del juicio, en febrero de 1929, él no había ido por ella. De todos modos, la negativa de aceptar la oferta de Bonit no habría establecido la determinación final de efectuar el abandono permanente que la ley exige en casos de esta índole. La corte de distrito tuvo fundados motivos

para dudar—como lo hizo muy seriamente—del propósito, móvil y buena fe de Bonit al hacer la oferta.

*Debe confirmarse la sentencia recurrida.*