Núm. 7113.—GUZMÁN, aplte. *v.* DE JESÚS, aplda.—C. D. Mayagüez. ▮▮▮▮▮▮▮ Abril 21, 1937.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

POR CUANTO, los únicos supuestos errores señalados por el apelante son los siguientes:

"1. La corte inferior en la resolución de este caso, mediante prejuicio y pasión, cometió manifiesto error al declarar sin lugar la demanda fundándose para ello en que no da credibilidad a la prueba del demandante-apelante, descansando, como la base más sólida, para dictar la sentencia, en la declaración de la demandada-apelada.

"2. La corte inferior en la resolución de este caso cometió error al admitir como admitió las cartas que fueron presentadas en evidencia dirigidas por Angélica García a Ernesto Guzmán y admitiendo toda la prueba testifical tendiente a probar las relaciones de Ernesto Guzmán y Angélica García.

"3. La corte inferior en la resolución de este caso cometió manifiesto error, mediante pasión y prejuicio, al estimar insuficiente la prueba del demandante."

POR CUANTO, la única objeción interpuesta por el demandante a la admisión de las cartas mencionadas en el segundo señalamiento, cuando dichas cartas fueron ofrecidas en evidencia, fué la siguiente:

"Lic. Ramírez Silva:

"Nos vamos a oponer a la admisión de las cartas, en primer término porque el hecho de que las cartas sean dirigidas a Ernesto Guzmán no imputan en contra del demandante, aun cuando se admitieran como prueba. Hay que demostrar que hubo una correspondencia con el demandante y aun cuando las cartas probaran que ha existido una relación de carácter amoroso-platónico, podríamos decir, entre el demandante y Angélica García, eso no sería defensa meritoria en este caso, porque cuando aun probado ese hecho, no podría la Corte determinar que justifica los actos de trato cruel e injurias graves realizados por la esposa contra el esposo."

POR CUANTO, la defensa en este caso no fué la de recriminación ni es por tanto aplicable la teoría invocada por el apelante fundándose en el caso de *Kennerley* v. *Kennerley*, 29 D.P.R. 777, al efecto de que:

" . . . para que constituya una defensa eficaz la teoría de recriminación, es necesario que los hechos que se aleguen sean suficientes por sí solos a dar un derecho de divorcio a la parte que plantea esa defensa."

sino más bien la doctrina establecida también por el mismo caso en aquella parte de la opinión donde dijimos:

" . . . Las cortes, sin embargo, en un caso de divorcio, generalmente escudriñarán todos los procedimientos para cerciorarse de si el demandante tiene derecho al divorcio. La mala conducta de un demandante para constituir una defensa por el motivo de provocación, justificación o excusa no ha de ser tal que por sí dé derecho al demandado a un divorcio, distinguiéndose así de la mala conducta que constituye la defensa de recriminación, la cual debe por sí ser suficiente como fundamento de divorcio. 19 C. J. 77, y especialmente los casos citados en las notas 54 a la 57.

" .         .         .         .         .         .         .         .         .

"*Boeck* v. *Boeck*, (Idaho) 161 Pac. 576, fué un caso en que la corte declaró probado que la actitud de la esposa hacia su marido era indiferente, fría, desagradable y quejosa y tendía a impulsarlo, y lo impulsaron a ciertos actos los cuales en ausencia de la mala conducta por parte de ella hubieran equivalido a extremada crueldad como se define en el estatuto. La corte se expresó como sigue:

" 'El divorcio es un remedio para beneficio de uno de los esposos agraviados que no ha sido la causa voluntaria y determinante de los actos en que se funda para invocarlo, y no está al alcance de una persona que en desatención de la solemnidad de los lazos conyugales impulsa al otro cónyuge a observar una conducta que sería inexcusable de cometerse contra un marido o mujer que verdaderamente trataba de sostener las relaciones matrimoniales.' "

POR CUANTO, no encontramos ni pasión ni prejuicio ni error tan manifiesto en la apreciación de la prueba que exija una revocación de la sentencia tal como se alega en el primero y tercero de los tres señalamientos arriba copiados.

Por tanto, y atendida además la recomendación del fiscal de esta Corte, basada en los motivos expresados en su informe, se confirma la sentencia que dictó la Corte de Distrito de Mayagüez, el día 22 de mayo de 1935, en el caso arriba titulado.

El Juez Asociado Sr. Wolf no intervino.