(December 2, 1916.)

# L. WARDELL BOECK, Respondent, v. JOHN BOECK, Appellant.

[161 Pac. 576.]

DIVORCE—EXTREME CRUELTY—CALLING ADVERSE PARTY AS WITNESS—IMPEACHMENT.

1. Extreme cruelty, as a ground for divorce, is defined by sec. 2649, Rev. Codes, to be "the infliction of grievous bodily injury or grievous mental suffering upon the other by one party to the marriage."

2. Under the provisions of sec. 1 of an act of the legislature approved March 13, 1909 (Sess. Laws 1909, p. 334), either party to an action for divorce may call the other as a witness.

3. That act of the legislature permits a party to a civil action to call as a witness the adverse party and to prove by him a fact, or facts, in issue which could not be otherwise readily established, and allows such witness to be examined according to the liberal rules of cross-examination whereby leading questions may be propounded. Trial courts have the same control over such examination that they have over cross-examination, and it is an abuse of judicial discretion and of the privilege granted by the act to permit a party calling his adversary as a witness to inquire into the entire controversy and to examine him with respect to matters about which other evidence is readily available.

4. The right to impeach a witness and the methods of impeachment are statutory, and if a witness is to be discredited in this manner, the statute must be conformed to.

5. Divorce is a remedy for the relief of an injured spouse who has not been the voluntary, procuring cause of the acts relied upon to invoke it, and it is not available for one who, disregarding the solemnity of the nuptial vows, prompts the other party to the marriage to conduct which would be inexcusable if committed against a husband or wife who was honestly endeavoring to sustain the marriage relation.

6. Where it appears that the plaintiff in an action for divorce, by disagreeable and nagging conduct, was the procuring cause of the commission of the acts complained of, a decree dissolving the bonds of matrimony should not be granted, and if granted will be reversed.

[As to cruelty as ground for divorce, see notes in 29 Am. Dec. 674; 73 Am. Dec. 619; 48 Am. Rep. 463; 51 Am. Rep. 736; 65 Am. St. 69.]

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Chas. P. McCarthy, Judge.

Action for divorce. Judgment for plaintiff. *Reversed.*

J. F. Ailshie, Hawley & Hawley and Chas. F. Koelsch, for Appellant.

The allegations of the complaint found by the court to be true are trivial in character and do not constitute extreme cruelty, and are insufficient upon which to base a decree. Bishop on Marriage and Divorce, 6th ed., in sec. 454, defines cruelty as:

"Such conduct in one of the married parties as to the reasonable apprehension of the other, or, in fact, renders cohabitation physically unsafe to a degree justifying a withdrawal therefrom."

"The criterion according to which the courts determine whether the facts presented by the complainant constitute cruel treatment is, do the acts charged injure or endanger life, limb or health, or create a reasonable apprehension of such injury? Unless they do, cruelty is not established." (*Henderson v. Henderson*, 88 Ill. 248; *Pillar v. Pillar*, 22 Wis. 658; *Moyler v. Moyler*, 11 Ala. 620; *Coles v. Coles*, 2 Md. Ch. 341; *Shaw v. Shaw*, 17 Conn. 189; *Gordon v. Gordon*, 48 Pa. St. 226; *Beall v. Beall*, 80 Ky. 675; *Boeck v. Boeck*, 16 Neb. 196, 20 N. W. 223.)

E. J. Frawley and Wyman & Wyman, for Respondent.

There is substantial evidence to sustain practically every averment in plaintiff's complaint, and it is equally true that there is some evidence to support some of the denials in the answer. Thus we have an absolute conflict. Under these circumstances this court will not undertake to review the decision. This is true even in those cases where the evidence supporting that decision is unsatisfactory. (*Jensen v. Bumgarner*, 28 Ida. 706, 156 Pac. 114; *Later v. Haywood*, 15 Ida. 716, 719, 99 Pac. 828.)

"Complaint is not required to be corroborated as to each act testified to in support of the complaint; if a portion of those acts are corroborated by the testimony of third persons, it is sufficient." (14 Cyc. 689.)

"The principal object of the rule requiring corroboration of the evidence of the plaintiff is to prevent collusion, and where it is clear that there is no collusion and the defendant's testimony, though conflicting with that of the plaintiff in many of its details, in the more important matters was corroborated in certain respects by other testimony, the corroboration is sufficient." (*Smith v. Smith,* 119 Cal. 183, 48 Pac. 730, 51 Pac. 183; *Andrews v. Andrews,* 120 Cal. 184, 186, 52 Pac. 298; *Avery v. Avery,* 148 Cal. 239, 82 Pac. 967; *McMullin v. McMullin,* 140 Cal. 112, 73 Pac. 808; *Tuttle* v. *Tuttle,* 21 N. D. 503, Ann. Cas. 1913B, 1, 131 N. W. 460; *Bell v. Bell,* 15 Ida. 7, 96 Pac. 196; *De Cloedt v. De Cloedt,* 24 Ida. 277, 133 Pac. 664; *Clopton v. Clopton,* 11 N. D. 212, 91 N. W. 46.)

Extreme cruelty is a term of relative meaning, and a course of conduct that will inflict grievous mental suffering upon one person might not have that effect upon another; hence no fixed legal rule for determining its existence in any given case can be laid down. (*De Cloedt v. De Cloedt, supra.*)

MORGAN, J.—This is an appeal from a decree of divorce granted to respondent in a suit wherein the cause of action stated is extreme cruelty, which is defined by sec. 2649, Rev. Codes, as "the infliction of grievous bodily injury or grievous mental suffering upon the other by one party to the marriage."

In order to sustain the allegations of her complaint, respondent called appellant as her first witness, and required him to testify under the provisions of an act of the legislature approved March 13, 1909 (Sess. Laws 1909, p. 334), wherein it is provided:

"Sec. 1. A party to the record of any civil action . . . . may be examined by the adverse party as if under cross-

examination, subject to the rules applicable to the examination of other witnesses; and the testimony given by such witness may be rebutted by the party calling him for such examination, by other evidence. Such witness when so called, may be examined by his own counsel, but only as to matters testified to on such examination.

"Sec. 2. Nothing contained in the act shall be construed in such manner as to compel the husband or wife to testify against the other, nor to compel a witness to disclose information or communications which are privileged by law."

Appellant insists that it was error for the court to permit respondent to call him as a witness and to compel him to testify in the case against his will, and urges that to do so was to violate the second section of the act. This contention cannot be sustained. The disqualification of husbands and wives as witnesses is to be found in subd. 1 of sec. 5958, Rev. Codes, and it provides: "A husband cannot be examined for or against his wife, without her consent, nor a wife for or against her husband, without his consent; nor can either, during the marriage or afterward, be, without the consent of the other, examined as to any communication made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other nor to a criminal action or proceeding for a crime committed by violence of one against the person of the other."

Clearly the wife consented in this case that her husband testify. He was produced by her as a witness in an effort to sustain, in part, the allegations of her complaint, and by permitting him to be so produced neither the provisions of sec. 2 of the act of 1909, nor of subd. 1 of sec. 5958, *supra,* were violated.

While it is entirely clear to our minds that a husband or wife may be called as a witness for the other in an action for divorce under the provisions of the act of 1909, *supra,* it is equally clear that those provisions are intended to extend to a party to a civil action the right to examine his adversary without being bound by the testimony thereby adduced, and

that this is a privilege which may be, and in this case was, abused.

We had occasion to say in the case of *Darry v. Cox,* 28 Ida. 519, 155 Pac. 660, with respect to this statute: "It permits a party to a civil action or proceeding to call as a witness the adverse party, . . . . and to prove by him a fact or facts in issue which could not, probably, be otherwise established, and to allow such witness to be examined according to the liberal rules of cross-examination whereby leading questions may be propounded. . . . .

"Under the general rule, prior to the adoption of this act, a party calling such a witness as therein referred to was bound by his testimony. This law modifies that rule and permits such testimony to be rebutted. It is suggested that the purpose of the act is abused, and that a plaintiff may call the defendant as a witness thereunder and inquire into the entire defense, not confining himself to facts which cannot be otherwise readily shown. Trial courts have the same discretion to limit an examination of this kind that they have of cross-examination, generally, and should exercise that discretion to the end that the purpose of the law be not abused."

The examination of the defendant in this case occupies ninety-four typewritten pages, and covers, in scope, almost the entire controversy between the parties. While the act of the legislature under consideration does not so state, expressly, it is not to be construed to mean that the order of proof may be reversed in civil actions and the contention of the party holding the negative of the issue of fact be first inquired into. As heretofore indicated, the privilege granted by the statute was abused in this case, and it was the duty of the trial judge, at the conclusion of the examination of the witness, to sustain a motion, which was made by his counsel, that his evidence be stricken from the record. It is but fair to the learned trial judge to note that this case was tried in the district court prior to the announcement of the rule stated in *Darry v. Cox, supra,* which appears to be the first pronouncement by this court upon that subject.

Appellant assigns as error the action of the court in over-ruling his objection to a question propounded to the witness, Mrs. O. E. Krider, during her direct examination while her deposition was being taken, on behalf of respondent, in Washington county, Pennsylvania. It appears that this wit-ness had, between August, 1910, and March, 1913, been a servant in the household of appellant and respondent. Dur-ing the taking of her deposition she was asked as to the repu-tation for truthfulness of Hazel Boeck, daughter of appellant, who was, at the time of the trial of this case, about eighteen years of age. The form of the examination is:

"Q. Do you know what her reputation is, or was at the time you knew her, for truthfulness?"

To this question an objection was interposed that it was incompetent, irrelevant and immaterial, which objection was insisted upon and was overruled at the time the deposition was read.

"A. Yes, sir.

"Q. In the community in which she lives?

"A. Yes, sir.

"Q. What is her reputation?

"A. Untruthfulness, as near as I can make out. What do you mean by reputation,—her good repute?

"Q. That's it; her reputation as to whether she tells the truth.

"A. She has the reputation of being a story-teller among her schoolmates."

According to the certificate of the officer before whom the deposition was taken, this examination was had on February 28, 1914. The purpose of this part of it was clearly to dis-credit and impeach Hazel Boeck, who was not produced as a witness until during the trial of the case, which commenced on July 13th of that year, several months after the deposi-tion was taken. We are not familiar with any rule whereby the credibility of a person may be impeached in anticipation that some time he may become a witness, and in the absence of such a rule these questions touching the reputation of Hazel Boeck for truthfulness, at the time they were propounded to

the witness, Mrs. Krider, were clearly incompetent, and the objection should have been sustained when insisted upon at the time the deposition was read at the trial. Furthermore, the form of the question is objectionable. Sec. 6082, Rev. Codes, provides: ''A witness may be impeached by the party against whom he was called . . . . by evidence that his general reputation for truth, honesty, or integrity is bad.'' In the questions propounded to the witness, Mrs. Krider, the *general* reputation of Hazel Boeck for truth, honesty or integrity was not called for, nor was it stated in the answer thereto. The right to impeach a witness and the methods of impeachment are statutory, and if a witness is to be discredited in this manner the statute must be conformed to.

Appellant's principal contention presented by this appeal is that the evidence is insufficient to sustain the findings of fact and to establish extreme cruelty as defined by sec. 2649, *supra.*

Respondent, in her complaint, charges appellant with seventy-one different acts of cruelty, many of which, however, are not sustained by the proof, many more are trivial matters, and but few are sufficiently serious, even unexplained, to constitute extreme cruelty.

The oral and documentary evidence introduced in this case consists of more than 1,300 pages of typewritten matter, largely devoted to unimportant disagreements, misunderstandings and acts of the parties which have little or no probative force and with a discussion of which we do not propose to encumber the reports. Out of this mass, however, may be gleaned a few facts so conclusively established as to leave no room for controversy. These are that plaintiff and defendant were married in the year 1901; that they are both physicians and successfully practiced their profession together until 1910, when respondent's health failed and when, with the consent and at the solicitation of appellant, she went to California to procure needed rest; that up to the time of her departure their married life had been remarkably harmonious and free from any cause or desire for separation on the part of either of them; that she remained in California

for a period of nearly two years, during which time, as is shown by the correspondence of the parties, appellant was very devoted to her and furnished no ground or excuse for any change in their relations the one with the other; that shortly after her departure, as is also shown by their correspondence, respondent became estranged from appellant and desired a division of the community property and a divorce; that she finally yielded to appellant's entreaties and reluctantly returned to their home in Boise, where, some time afterward, she resumed the practice of her profession and where they continued to reside together until their separation, which occurred in the month of October, 1913, and that during the months which intervened between her return and the date of their separation respondent does not appear to have made any effort to get along harmoniously with appellant, but her attitude toward him was cold, distant, disagreeable and nagging; and was calculated to and did prompt him to certain acts which, in the absence of misconduct upon her part, would have amounted to extreme cruelty as defined by our statute.

Divorce is a remedy for the relief of an injured spouse who has not been the voluntary, procuring cause of the acts relied upon to invoke it, and it is not available for one who, disregarding the solemnity of the nuptial vows, prompts the other party to the marriage to conduct which would be inexcusable if committed against a husband or wife who was honestly endeavoring to sustain the marriage relation.

In *Spofford v. Spofford*, 18 Ida. 115, 108 Pac. 1054, this court said: "The party to the marital contract who by his acts and conduct thus invites remonstrance, protest or demonstration from the other party to the contract must expect to exercise a degree of patience and forbearance which the law and good morals would not expect of him under more favorable circumstances."

A careful examination of the entire record convinces us that respondent was the procuring cause of the commission of almost all the acts established by the evidence against appellant which are sufficiently serious to be worthy of con-

sideration.   We therefore conclude that she is not entitled to the relief which she demands.

The decree of divorce heretofore granted is reversed, with direction that the cause be dismissed.

The parties have community property from which costs may be paid, and no judgment will be awarded therefor.

Sullivan, C. J., and Budge, J., concur.