[No. 17736. Department One. June 16, 1923.]

## J. C. McDOWELL, *Respondent*, v. MAYME C. McDOWELL, *Appellant*.[1]

DIVORCE (7, 36)—GROUNDS—CRUEL TREATMENT—EVIDENCE—SUFFICIENCY. The evidence is insufficient to sustain a divorce to the husband on the ground of cruel treatment or personal indignities rendering life burdensome, from the fact that the wife, a constant sufferer from ill health, was confined to her bed a great deal of the time and unable to perform ordinary household duties.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered May 29, 1922, upon findings in favor of the plaintiff, in an action for divorce, tried to the court. Reversed.

*Vance & Christensen,* for appellant.

*Thos. L. O'Leary,* for respondent.

BRIDGES, J.—The trial court gave the plaintiff a decree of divorce from the defendant and gave him the custody of their only child, with the privilege to the defendant of visiting the child at all reasonable times and places, and directed the plaintiff to pay the defendant alimony for six months, at the rate of twenty dollars a month. Most of such little property as the parties possessed was given to the husband.

The finding of the trial court upon which the decree of divorce was granted is as follows:

"That during the greater part of the period of time the plaintiff and defendant have been married, the defendant failed and neglected to take care of the home, claiming to be ill and physically unable to perform her household duties; that the plaintiff was compelled to do much of the work around their home, even caring

[1]Reported in 216 Pac. 11.

.for the little child of these parties; that defendant was difficult to please as to location and kind of home and plaintiff in trying to please her moved frequently; that about November, 1921, defendant refused to longer live at the Alex Wright home in Olympia, where parties hereto had for some time prior thereto been making their home (and which was in every way a suitable and comfortable home for the parties hereto), the defendant being carefully nursed and cared for; that defendant however insisted upon going to her parental home and has remained there until this time; that defendant's alleged illness necessitated or at least resulted in very heavy expense to the plaintiff for the past three years; that it appears that defendant was at no time, save perhaps when for a few weeks she was ill with the influenza and the time of the birth of the said child, seriously ill, but was really more hysterical and nervous than sick.''

A reading of the testimony shows that each of the parties to this action is about thirty years of age; that they were intermarried in this state in June, 1915; that, during the first two years of their marriage, they lived together very happily and contentedly, the wife satisfactorily performing all of her household duties and being in reasonably good health; that, between 1917 and the time of the trial in the lower court, the appellant had had two miscarriages; had given birth to one child, now living; had been told by reputable doctors that she had tuberculosis, for which she received treatment for a long while; had had all of her teeth removed at the suggestion of her physicians, and had a bad attack of influenza. The chief complaint against her is that, after the first two years of marriage, she kept to her bed a great deal of the time and failed to perform many of the ordinary household duties, and that in her search for health it was neces-

sary for the parties to move their home a number of times to different places in the city of Olympia and that she was treated by a number of physicians at an expense difficult for her husband to meet, and that she had finally left her home against the will of her husband and went to live with her parents.

We are convinced that she is, and has been, either too sick to perform her ordinary houshold duties, or, if not, that she is entirely honest in her belief that she is and has been sick. Nor does the testimony show that she abandoned her home and husband when she went to live with her parents. That move was only temporary and for the purpose of regaining her health. Indeed, we are convinced she made this move with the consent of her husband.

The only ground given by our statutes upon which a divorce could possibly be granted here is "cruel treatment of either party by the other, or personal indignities rendering life burdensome." The facts as found by us and those found by the trial court do not constitute cruel treatment under the statute. Cruel treatment sufficient to authorize a divorce is something very much more than sickness incapacitating the wife from performing the usual domestic duties; it is also something more than failure to perform those duties because, as the court's finding says, she "was really more hysterical and nervous than sick", particularly where such condition followed hard upon the ailments which had previously befallen her.

In our opinion, the record does not disclose any reason why these parties should not again unite and live together in harmony. The breach between them manifestly is not such as cannot and probably will not be bridged. In any event, the testimony does not justify a decree of divorce under the laws of this state.

The judgment is reversed, and the cause remanded with instructions to the trial court to dismiss the action.

MAIN, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.