(October 31, 1923.)

## GOLDIE MORRISON, Respondent, v. CHARLES W. MORRISON, Appellant.

[221 Pac. 156.]

DIVORCE — "EXTREME CRUELTY" — RECRIMINATION — FINDINGS — EVIDENCE—DECREE—DIVISION OF PROPERTY—ALIMONY.

1. The findings of fact made by the trial judge, who has had the benefit of observing the demeanor of witnesses on the stand and of listening to their testimony, will not be disturbed because of conflict, if the evidence in support of such findings, if uncontradicted, is sufficient to sustain them.

2. "Extreme cruelty," as defined by C. S., sec. 4629, consists of the infliction of grievous bodily injury or grievous mental suffering upon the other, by one party to the marriage, and when established constitutes ground for divorce.

3. Under the provisions of C. S., sec. 4636, recrimination is a showing by the defendant of any cause of action against the plaintiff, in bar of the plaintiff's cause of divorce. *Held*, under the facts of this case, that no valid, existing cause of divorce was shown against plaintiff and that a showing of indiscretion, although reprehensible, does not constitute recrimination.

APPEAL from the District Court of the Ninth Judicial District, for Jefferson County. Hon. James G. Gwinn, Judge.

Action for divorce. Judgment for plaintiff. *Modified.*

C. W. Morrison, for Appellant.

Extreme cruelty may consist of words only. (*Rosenfeld v. Rosenfeld*, 2 Colo. 16, 40 Pac. 49; *Benfield v. Benfield*, 44 Or. 94, 74 Pac. 495; *Marks v. Marks*, 56 Minn. 264, 45 Am. St. 466, 57 N. W. 651; *Mosher v. Mosher*, 16 N. D. 269, 125 Am. St. 654, 113 N. W. 99, 12 L. R. A., N. S., 820; *Hoyt v. Hoyt*, 56 Mich. 50, 22 N. W. 105; *Grow v. Grow*,

Publisher's Note.

3. Right of recrimination as affected by comparative gravity of offenses, see notes in 8 Ann. Cas. 171; Ann. Cas. 1917A, 177.

134 Ky. 816, 135 Am. St. 440, 121 S. W. 654; *Kinsey v. Kinsey,* 90 Va. 16, 17 S. E. 819.)

It may consist of violent and outrageous conduct. (*Spofford v. Spofford,* 18 Ida. 115, 108 Pac. 1054; *Lynch v. Lynch,* 33 Md. 328; *Briggs v. Briggs,* 29 Mich. 34; 19 C. J., pp. 49–51, 75.)

False charges causing grievous mental suffering is ground for divorce. (*MacDonald v. MacDonald,* 35 Utah, 434, 102 Pac. 927; *Doe v. Doe,* 48 Utah, 200, 158 Pac. 781.)

Denying affections may constitute cruelty. (*Campbell v. Campbell,* 149 Mich. 147, 112 N. W. 481; *Green v. Green,* 131 N. C. 533, 92 Am. St. 788, 42 S. E. 954; *Menzer v. Menzer,* 83 Mich. 319, 21 Am. St. 605, 57 N. W. 219.)

Association with improper persons may constitute cruelty. (*Hooker v. Hooker,* 65 Fla. 53, 61 So. 121, 43 L. R. A. 964; *Craig v. Craig,* 129 Iowa, 192, 105 N. W. 446, 2 L. R. A., N. S., 269; *Goff v. Goff,* 60 W. Va. 9, 53 S. E. 769; *Maddox v. Maddox,* 189 Ill. 152, 82 Am. St. 431, 59 N. E. 599, 52 L. R. A. 628.)

A divorce will not be granted on the ground of extreme cruelty when the cruelty was provoked by the misconduct of the complainant. (19 C. J. 78, 79; *Boeck v. Boeck,* 29 Ida. 639, 161 Pac. 576.)

Acts to constitute cruelty must be unprovoked. (*Hatchett v. Hatchett* (Okl.), 214 Pac. 929; *White v. White,* 100 Or. 387, 190 Pac. 969, 197 Pac. 1080; *Hockerston v. Hockerston,* 41 Cal. App. 195, 182 Pac. 325; *Van Camp v. Van Camp,* 53 Cal. App. 17, 199 Pac. 885.)

Bothwell & Chapman, for Respondent.

Judgment based upon findings of fact made by the trial judge who had heard the testimony will not be disturbed on appeal because of conflict, where the evidence, if uncontradicted, is sufficient to sustain it. (*Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481, and cases cited.)

. The acts of cruelty complained of by respondent and as found by the trial court constitute extreme cruelty such as to entitle respondent to the relief granted. (C. S., sec. 4629;

*Donaldson v. Donaldson,* 31 Ida. 180, 170 Pac. 94; *Shook v. Shook* (Tex.), 125 S. W. 638; *Clark v. Clark,* 55 Okl. 67, 154 Pac. 1142; *Rose v. Rose,* 129 Mo. App. 175, 107 S. W. 1089; *Folkenberg v. Folkenberg,* 58 Or. 267, 114 Pac. 99; *Lord v. Lord,* 80 W. Va. 547, 92 S. E. 749; *Robertson v. Robertson* (Okl.), 176 Pac. 387; *Germaine v. Germaine,* 204 Mich. 640, 171 N. W. 377; *Nichols v. Nichols,* 189 Ky. 500, 225 S. W. 147; *Hildebrand v. Hildebrand,* 41 Okl. 307, 137 Pac. 711; *Jones v. Jones,* 173 N. C. 279, 91 S. E. 960; *Woodall v. Woodall,* 144 Ark. 159, 221 S. W. 463; *Krusinski v. Krusinski,* 170 Mich. 561, 136 N. W. 593.)

"Accusation of one's wife of most reprehensible conduct not attempted to be justified is extreme cruelty warranting a divorce." (*Martin v. Martin,* 150 Iowa, 223, 129 N. W. 816.)

The finding of the trial court that the acts of cruelty of which appellant is guilty were not justified or excused by any conduct on the part of respondent is sustained by the evidence and the law. (19 C. J. 79; *Eidenmuller v. Eidenmuller,* 37 Cal. 364; *Berryman v. Berryman,* 59 Mich. 605, 26 N. W. 789; *Garrett v. Garrett,* 252 Ill. 318, 96 N. E. 882; *Hunter v. Hunter,* 121 Ill. App. 380.)

Appellant's cross-complaint does not allege facts sufficient to constitute grounds for divorce. (*Boon v. Boon,* 12 Or. 437, 8 Pac. 450; *Hall v. Hall,* 162 Iowa, 653, 144 N. W. 320; *Goff v. Goff,* 60 W. Va. 9, 9 Ann. Cas. 1083, 53 S. E. 769; *Elliott v. Elliott,* 5 Boyce (Del.), 406, 93 Atl. 963; *Jones v. Jones,* 44 Or. 586, 77 Pac. 134.)

A wife, seeking a divorce on account of the inhuman and cruel treatment of her husband will not be denied a divorce where she was guilty of no offense against the marriage status, though her conduct was not, in all respects, what it should have been. (*Hiecke v. Hiecke,* 163 Wis. 171, Ann. Cas. 1918B, 497, 157 N. W. 747; *Eward v. Eward,* 72 Ind. App. 638, 125 N. E. 468; *Mattson v. Mattson,* 181 Cal. 44, 183 Pac. 443; *Roberts v. Roberts,* 103 Kan. 62, 173 Pac. 537; *McMillan v. McMillan,* 113 Wash. 250, 193 Pac. 673; *Hengen v. Hengen,* 85 Or. 155, 166 Pac. 525.)

BUDGE, C. J.—This action was brought by respondent against appellant for a decree of divorce on the ground of extreme cruelty. Appellant filed an answer specifically denying the material allegations of the complaint. He also filed a cross-complaint alleging extreme cruelty and praying that a divorce be granted to him. Respondent answered the cross-complaint, specifically denying the same. Upon the issues thus framed the cause was tried to the court and a decree was made and entered by the court in favor of the respondent and awarding to her the custody of the two minor children, the issue of the marriage, decreeing to her as her sole and separate estate lots 8 and 9 of subdivision of lots 7 and 8 in block 10 of the original townsite of. Rigby, according to the official plat thereof on file and of record in the office of the county recorder of Jefferson county, also certain personal property enumerated in the decree, and further decreed that appellant pay the clerk of the district court in and for Jefferson county the sum of $50 per month for the support and maintenance of the minor children and $30 per month for the support and maintenance of respondent, but provided in the decree that if the appellant would permit respondent and their minor children to use and occupy, rent free, certain premises described in the decree and set apart as the sole and separate property of the appellant, then and in that event the payments hereinabove stated should be reduced to $30 and $20 per month respectively. By the terms of the decree a first and prior lien was created against the separate real property of the appellant, which is described as lots 17, 18 and 19 and the west three feet of lot 20, in block 3 in Mathias Third Addition to Rigby, according to the official plat thereof on file and of record in the office of the county recorder of Jefferson county. It was further decreed that the respondent have judgment against appellant for costs and disbursements taxed in the sum of $266, $150 attorney's fees and $100 suit money. From the decree so entered this appeal is prosecuted.

The only specification of error assigned and relied upon is the insufficiency of the evidence to justify the findings of

fact and decree. The record is voluminous and we will not attempt to recite in detail the testimony introduced upon the trial. Respondent alleges numerous specific acts of extreme cruelty inflicted upon her by appellant which are recited in the court's findings. The court found that appellant and respondent were married at Aberdeen, county of Brown, state of South Dakota, on the twenty-fifth day of September, 1912, and ever since said date and at the date of the trial were husband and wife; that respondent had been continuously for more than one year prior to the filing of her complaint a resident within the state of Idaho; that the issue of said marriage consisted of two minor children of the age of six and eight years respectively; that in November, 1916, in the dwelling of appellant and respondent in the town of Rigby, appellant in a loud and angry voice spoke the following to, of and concerning the respondent: "that if plaintiff [respondent] was not out of the house by morning he would hit her in the head with an ax and drag her out"; that the anger of appellant was occasioned by the fact that respondent did not have the evening meal ready promptly at 6 o'clock and that the angry conduct and language of appellant at said time was without just cause or provocation; that on or about the month of August, 1918, at Rigby, appellant struck the respondent violently; that on or about the month of September, 1919, in their dwelling at Rigby and in the presence of Mr. and Mrs. John Q. Adams, appellant accused respondent of unchaste and immoral conduct and ordered respondent to leave their home and at the same time and place struck respondent about the head and face; that thereupon respondent left the home of appellant and went to Roberts, where she remained for a short time, but upon the promises of appellant that he would desist from inflicting upon her further bodily punishment and mental anguish she returned to their home; that on or about the month of January, 1918, at their home in Rigby, appellant violently took respondent by the hair of the head and dragged her from her bed and kicked and struck her in an inhuman manner, inflicting grievous physical pain and mental suffering; that

38 Idaho.—4

again, on or about the month of August, 1921, in Yellowstone National Park, in the presence of Mrs. A. Lyons, appellant accused respondent of wrongful, unchaste and immoral conduct and struck respondent several blows with his fists, causing her physical pain and grievous mental suffering.

The findings contain several other specific acts of physical injury inflicted by appellant upon respondent upon different occasions, charging respondent with unchaste and immoral conduct, which acts of unchastity and immorality so charged were found by the court to be untrue. We have very carefully examined all of the evidence contained in the record. True, there is a sharp conflict in the testimony, appellant denying categorically each and every act complained of and testified to by the respondent and her witnesses. The trial court heard all of the testimony offered both by the respondent and appellant and by its findings found that the evidence offered upon the trial by respondent was true, and further found that the allegations of appellant's cross-complaint and evidence offered in support thereof were not true. Under the well-established rule so frequently announced by this court, the findings of fact made by the trial judge, who has had the benefit of observing the demeanor of witnesses on the stand and of listening to their testimony, will not be disturbed because of conflict, if the evidence in support of the findings, if uncontradicted, is sufficient to sustain them. (*Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481, and cases cited therein.)

An examination of the findings and the evidence upon which they are based satisfies us that the findings are substantially supported by the evidence. The few discrepancies between the findings and the evidence as to some immaterial matters are not deemed of sufficient importance to justify a reversal on that ground.

"Extreme cruelty" is defined by C. S., sec. 4629, as the infliction of grievous bodily injury or grievous mental suffering upon the other by one party to the marriage and when established constitutes ground for divorce. We think that

the evidence fully meets the requirements of the provisions of the statute and that extreme cruelty is clearly established.

Appellant strenuously insists that the evidence offered in support of his cross-complaint established a complete defense of recrimination. Under the provisions of C. S., sec. 4636, the defense of recrimination constitutes a complete bar to a divorce when the defendant shows a valid existing cause of action for divorce against the plaintiff. The evidence in the record fails to disclose such facts as would constitute grounds for divorce against the respondent. While it is true that respondent did not at all times conduct herself in such a manner as becomes a wife and mother, such acts and conduct upon her part were not of such a character as would justify the acts and conduct of the appellant as found by the trial court and sustained by the evidence, neither were such acts and conduct upon her part the result of her own initiative, but rather the result of the acts and conduct of the appellant. The rule seems to be that where recrimination is relied upon as a defense that one spouse, although guilty of misconduct not such as would support a decree of divorce, will not be denied the divorce where the other spouse is guilty of such cruel and inhuman treatment as justifies the court in dissolving the marriage status. In other words, mere indiscretion, although reprehensible, does not amount to recrimination. It must be such conduct as would justify the granting of a divorce to the unoffending spouse. The court found and there is evidence to support the finding that for years prior to the bringing of the action for a divorce by respondent, appellant had been addicted to the excessive use of intoxicating liquor. While it did not necessarily incapacitate him from transacting business, it was, no doubt, one of the moving causes culminating in the acts of extreme cruelty complained of and found to be true by the court's findings.

· We have, however, reached the conclusion that the decree, so far as it affects the property rights of the parties, should be modified in the following particulars: That respondent, Goldie Morrison, is entitled to the following described community real estate, to wit: Lots 8 and 9 of subdivision of

lots 7 and 8 in block 10 of the original town site of Rigby, for her use and benefit and for the use and benefit of the minor children, free and clear of all liens and encumbrances of any and all persons claiming the same, including appellant; that the Ford automobile be awarded to appellant and that he be required to pay to respondent for the support and maintenance of the minor children the sum of $50 per month, but that no alimony be awarded respondent.

The trial judge is therefore directed to make the modifications as herein indicated and when so made the judgment is affirmed, with costs to respondent.

McCarthy, Dunn, William A. Lee and Wm. E. Lee, JJ., concur.