(No. 6483.   February 23, 1940.)

J. S. BUSSELL, Respondent, v. HARRY W. BARRY, as Special Administrator of the Estate of CHARLES F. JOHNSON, Deceased.   SECURITY PRODUCTS COMPANY, an Arizona Corporation, and GERTRUDE WALTER, Appellants.

[102 Pac. (2d) 276.]

James R. Bothwell and Harry Povey for Appellants.

Chapman & Chapman, for Respondent.

MORGAN, J.—This action was commenced April 3, 1936, in the District Court of the Eleventh Judicial District for Twin Falls County, by respondent against C. F. Johnson, being the person mentioned in the title hereof as Charles F. Johnson, Security Products Company, a corporation, and Gertrude Walter. Prior thereto respondent commenced an

action in the court of the same district, for Jerome County, against Johnson and Security Products Company. The cases were consolidated and tried together in Twin Falls County, and resulted in a decree, made applicable to both cases, in favor of plaintiff, from which all defendants appealed. Pending hearing of the appeal Johnson died and Harry W. Barry was, by the probate court, appointed special administrator of his estate. In his appointment it was ordered that he be named and substituted as a party defendant, as the legal representative of Johnson, in these actions.

Because a party litigant in one of the cases is not a party to the other, and because each case involves title to real estate situated in the county in which it was commenced and not in the other, we deem it advisable to treat the appeal as if it had been separately taken in each case. This opinion has to do with the case commenced in Twin Falls County and with real estate therein situated, referred to in the record as the Snake River Ranch.

Respondent alleged in his complaint, among other things, that in 1918 he and Johnson formed a partnership for the purpose of purchasing, owning, operating, selling and dealing in real estate; that the partnership entered upon the business for which it was organized and that thereafter Gertrude Walter acquired the interest of Johnson in it and that it has continued to transact its business and has not been dissolved; that Johnson and Security Products Company have some interest in and to said partnership, although said interest stands in the name of Gertrude Walter; that Johnson conveyed and transferred to Gertrude Walter certain lands and premises in Twin Falls County, described in the complaint (being the Snake River Ranch) and that she either owns said property as trustee for Johnson and Security Products Company or owns the same as successor to Johnson, and that she, as trustee or individually, became and is a member of the partnership entered into by plaintiff and Johnson, in the ownership and operation of said land; that Johnson and Gertrude Walter have wrongfully and without respondent's consent, from time to time, applied to their own use from the receipts of the partnership business, large sums of money and still continue to

appropriate moneys of the partnership to their own use; that he has requested them to repay to the partnership the moneys so appropriated, but they have neglected and refused and still neglect and refuse to do so, or to account to the partnership therefor; that Security Products Company has, or claims to have, some right, title or interest in the real estate described in the complaint as belonging to the partnership.

Plaintiff prayed for a dissolution of the partnership, for an accounting, for sale of the real estate described in the complaint, and a division of the proceeds thereof among the parties as their rights and interests might appear, and that a receiver be appointed to take charge of the property pending litigation.

Gertrude Walter, in her answer, denied each and every allegation of the complaint, except those expressly admitted. She denied that any interest of Johnson, or of Security Products Company, in the land stood of record in her name, and alleged that she was the legal and equitable owner of an undivided one-half interest in the real property described in the complaint; that her said interest stood of record in the recorder's office of Twin Falls County in her name and that neither Johnson nor Security Products Company had any right, title or interest in or to it. She also denied that she, either as trustee or individually, became a member of the partnership entered into between respondent and Johnson. She specifically denied having misappropriated, or applied to her own use, the receipts of the business, or moneys belonging to the partnership. She further denied that the real estate described in the complaint was the property. of the partnership, and alleged that an undivided one-half interest in it was her property.

In his answer to the complaint Johnson admitted the formation and existence of the partnership between himself and respondent, and denied that Gertrude Walter was a member of it or acquired an interest in it. He denied that she owned or held the premises as trustee for him, or for Security Products Company. He further denied that the real property described in the complaint ever belonged to the partnership, or that it ever had any interest in it. Johnson admitted that

he had, at times, collected some money, rents and profits of the real estate described in the complaint, and denied that respondent had any right, title or interest in or to the same.

After the cases were consolidated Johnson filed a cross-complaint, applicable to both, in which he sought to recover judgment against respondent for moneys which he alleged the latter had misappropriated and applied to his own use, and for damages growing out of the partnership business.

It does not appear from the evidence that a written contract was entered into between respondent and Johnson creating a partnership, and no express, oral agreement appears to have been made that the Snake River Ranch should be held or treated as their partnership property.

A partnership, and the duties and obligations arising therefrom, can be created only by contract, express or implied. (20 R. C. L. 810, sec. 12.)

The fact that the parties each owned an undivided half interest in the ranch, and shared the profits arising therefrom, does not establish ownership of the land as partners. I. C. A., sec. 52–307, subsec. 2, provides:

2. "Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property."

The findings of fact with respect to the ownership of Snake River Ranch are to the effect that said property, since November 30, 1925, has been and is owned by the partnership consisting of respondent and Johnson. The findings, in this particular, are not supported by the evidence, which shows that respondent and Johnson, while they owned the ranch, each looked upon and treated his undivided half interest therein as his sole and separate property, and not as partnership property.

In *Hooper v. First Exchange Nat. Bank of Coeur d'Alene,* 53 Fed. (2d) 593, 597, the Circuit Court of Appeals, Ninth Circuit, announced a rule applicable to the situation before us, as follows:

"We should be slow to disturb the finding of the trial court if there appeared to be a substantial conflict in the testimony, but we cannot allow ourselves to be bound by a finding which is in direct conflict with all the evidence in the record touching the fact found."

While Johnson furnished the money with which the ranch was originally bought, neither title to it, nor to any interest in it, has ever stood of record in his name. October 28, 1915, he caused title to be taken in the name of his son and, through his son, November 30, 1925, an undivided half interest in it was conveyed to respondent. The other half interest was deeded by the son and his wife to Security Products Company, which corporation deeded it to appellant, Walter, September 8, 1934. On two occasions respondent deeded his undivided half interest in the Snake River Ranch to his sister. Once it was so conveyed, according to his testimony, because his wife was afflicted with cancer and, knowing she could not recover, they deeded the property to the sister to avoid expense of probate proceedings. After the wife's death the sister reconveyed the property to respondent. The reason given for deeding to his sister on the other occasion is that he owed her money and made the conveyance as security for its repayment. When the debt was paid the interest in the land was reconveyed to him. It does not appear that either respondent or Johnson consulted the other with respect to the conveyance of title to his undivided half interest in the ranch, nor that either ever sought to interfere with, or to control the other in the ownership or disposal of his interest. These conveyances are inconsistent with the theory that the land was partnership property, and the record nowhere shows the parties understood it to be such.

The judge found that Gertrude Walter, at all times since September 8, 1934, was and is the agent of Johnson for the purpose of holding the record title for and on his behalf, as a member of the partnership, to an undivided half interest in and to the Snake River Ranch.

The following quotations from letters written by respondent to appellant, Walter, show he fully understood she owned a half interest in the Snake River Ranch and the proceeds

arising therefrom. In a letter dated March 20, 1935, he said:

" . . . . I have been thinking some of the Snake River Ranch and feel in the light of everything we shall handle the property about as follows:

"That the money be divided at once, you taking yours and I taking mine. Then you would make up a budget of what the needs of the ranch would be and put that in an account at the Bank & Trust for you to use for running the ranch. That you should put in a reasonable charge for what you do and this should be followed out each year. That a statement, of course, should be rendered giving an account of everything taken in and you should be allowed a reasonable sum for your time.

"If we cannot agree on such arrangement, then believe the best thing would be for us to either divide the property or sell it to the highest bidder and divide the money. If we cannot agree on this ourselves, then we should ask the court to do it for us. . . . ."

April 23, 1935, respondent wrote:

"My dear Miss Walter:

"Just received your letter this morning, also the statement. Thank you most sincerely for the pains you have taken in getting up the details.

"However, inasmuch as the money that is there in the bank, half of which is mine and half of this ranch is my own, will ask you to please send me check forthwith for my undivided interest. I will be glad to meet any expenses and take care of them at the time. However, that is my own affairs but do not care to leave the moneys in joint account further. Any debts to be paid I shall take care of my part direct. Shall appreciate hearing from you at your very earliest convenience.

"I expect to go to Idaho within the next week and want to get all the tag ends of the business straightened out up there and it is not satisfactory for me to have my property and money in such position that I myself have no control over it and if we cannot work along this line, it is still my feeling for us to either agree on a division of the property or sell it to some one else. Do not mean by this you have not done your part in every way but circumstances has brought about

this arrangement due to the unpleasantness with Dr. Johnson. I had allowed him to handle the ranch along this line for several years and have had nothing. He even gave instructions to the bank to give me no information regarding the joint account which is not satisfactory to anyone so I shall appreciate having a check by return mail.

"With kindest regards, I am

"Very truly yours,

"J. S. BUSSELL."

June 8, 1935, he wrote:

"My dear Miss Walter:

"Not having heard from you in answer to my letter written some days ago, am just writing to inquire if you have any suggestions or ideas regarding Snake River Ranch. I do not wish to appear to be pressing the matter unduly but do wish to get things straightened out there in Idaho. If you have some ideas regarding the ranch, please let me know at once as I do not feel you and I should have to have the court divide up the property for us. Believe we should do that ourselves.

"Believe, however, if we do find it will be necessary for the court to do it for us, certainly there will be no malice on my part. I am simply trying to work out what is fair between you and I.

"Will appreciate hearing from you if you have any suggestions. If not, of course, I do not want to bother you in any way.

"Sincerely yours,

"J. S. BUSSELL."

These letters, and others written by respondent, are inconsistent with his contention that appellant, Walter, held title to a half interest in the Snake River Ranch as agent, or trustee, for Johnson or anyone else. The finding that she held title in any other capacity than as owner in her own right, is unsupported by the evidence and cannot be sustained.

With respect to the account between appellant, Walter, and respondent he testified:

Q. "Mr. Bussell, from the time that Miss Walter operated this property which is referred to in a great many of these

exhibits, these letters back and forth between you and her, are you making any complaint about that, or have you looked into that account as between you and she?

A. "I think that's all right. There's a little money on hand that she says—I'm not making any other claim that what she says, as far as I'm concerned."

Appellant, Walter, testified she commenced acting as agent for the Snake River Ranch in 1933, after May 20th, and took over the operation for herself in 1934. She further testified, with respect to how she operated the land in 1933:

A. "Just as agent for C. F. Johnson—he was the agent, you see, at that time, for the Security Products Company, and I was secretary for the Security Products Company, and that is the way I conducted the business."

Defendants' exhibit G, in evidence, is a report of the Snake River Ranch covering the times from February 21, to March 1, 1936, and from March 1, 1936, to March 16, 1937, the date on which it was submitted to the court. The account, and her testimony, show that there was a balance in bank of $317.88 and there was yet to be paid from the balance $8.32 which she had expended, personally, leaving a net balance in the account of $309.56. One-half of the latter amount is due to respondent from appellant, Walter.

Johnson is liable to respondent for one-half the net income from the ranch prior to September 8, 1934, and Walter is liable to him for one-half the net income thereafter.

The decree appealed from is reversed and the cause is remanded to the district court with directions to make and enter findings of fact, conclusions of law and decree not inconsistent with the views herein expressed. Costs are awarded to appellants.

Ailshie, C. J., and Givens and Holden, JJ., concur.