193 P.2d 391
**HILTBRAND v. HILTBRAND.**
No. 7414.

Supreme Court of Idaho.
April 30, 1948.

Albaugh, Bloem, Hillman & Barnard and A. A. Merrill, all of Idaho Falls, for appellant.

Alvin Denman, of Idaho Falls, for respondent.

HYATT, Justice.

Appellant husband brought this suit for divorce on the ground of extreme cruelty, alleging that the wife constantly quarreled and nagged at him, falsely accused him of infidelity and association with other women, refused him matrimonial access, and exhibited toward him an attitude of meanness and indifference. Respondent wife denied the allegations of cruelty, and by cross-complaint sought separate maintenance and custody of the children, alleging her lack of funds, the ability of the plaintiff to pay, and that "the plaintiff and defendant separated on or about January 15, 1947, and have not lived or cohabited together as husband and wife since said time."

Appellant by answer to the cross-complaint admitted the separation as alleged, and although denying other allegations, offered to support the wife and children in a reasonable sum commensurate with his earning capacity.

Upon trial, findings of fact and conclusions of law were waived. The decree of

the trial court, so far as material to this appeal, is:

"It is ordered, adjudged and decreed that the divorce prayed for by plaintiff be denied; that the plaintiff and defendant, according to the proofs submitted, are living separate and apart from each other; that while they are thus living separate and apart from each other, the defendant is given the custody of Wesley Rushton, Margaret Ann and Ruth Hiltbrand, minor children of plaintiff and defendant, during such period of separation, or until the further order of the court, provided plaintiff may visit said children at all reasonable times and places;

"It is further decreed that as long as the parties remain separated the defendant shall have the use of the home of the parties to said action located at 295 Fourth Street, Idaho Falls, Idaho, the same to be maintained at defendant's expense; that until the further order of the court the plaintiff shall pay to defendant on the fifteenth of each and every month, commencing August 15, 1947, the sum of $80.00 for the support of the defendant, and the said sum of $120.00 for the support of said minor children;"

No useful purpose would be served by reviewing the evidence in detail. The testimony of the appellant was to the effect that after the marriage, the parties gradually began to quarrel about matters affecting the children, the management of the home, and sex conduct; that other things ultimately led to quarreling and fighting; that the wife's sex conduct was unsatisfactory; that she often accused him of being untrue; that she told him many times she wanted a divorce and threatened to leave him; that she would wake him up at night to quarrel and bicker; that on some occasions she struck, kicked and scratched him; that he suffered humiliation and mental anguish as a result of all of such conduct of the wife.

The evidence on the part of the wife in substance was that their married life was fairly happy until about two years prior to this action; that the husband's attitude then began to change, and he became discontented and irritable; that she never refused to live with him as a wife, nor exhibited an indifferent, mean or sulky attitude toward him; that there had never been any quarrels, dissatisfaction or displeasure on the part of the husband with reference to her sex conduct; that she had never told appellant she wanted a divorce. Her testimony was, in general, a denial of appellant's charges, except that another woman entered the scene, and the conduct and association of her husband with this woman aroused her suspicions; that nagging and quarreling resulted from her remonstrances with and questions to her husband concerning this woman and such association, as well as from her worry of the prospect of a broken home and jealousy of his attentions to another; that

she had not accused appellant of running with other women, but did accuse him, not so much of being untrue, as of being indiscreet in his conduct with this other woman. Much of the remaining evidence for the wife concerned such association and attentions of the husband toward this third party.

It further appears that, as a result of a quarrel in regard to an incident over this woman, appellant took a room in the basement, and shortly afterward moved out of the home. While appellant claims the wife told him to get out of the house, the wife says a second quarrel resulted when she asked him to move back upstairs and tried to talk the situation over with him, and that he later left the home.

■ Appellant assigns as error the admission, over objection, of his association and conduct with this other woman, contending the same was recriminatory matter, not affirmatively pleaded. Conceding that recrimination as such must be so pleaded, the evidence here did not have to be offered on the theory of a defense on the ground of recrimination, but was admissible under the general denial to rebut appellant's charges that the wife had falsely accused him of infidelity and association with other women.

■ A general denial puts in issue the ground alleged for divorce (17 Am.Jur. 312), which here is extreme cruelty.

■ It is only false, unfounded or unwarranted accusations of infidelity or improper conduct which constitute cruelty. If the charges are true or justified or made in good faith and on the basis of doubt and suspicion reasonably born of appearances, it is not cruelty to make them. Brandt v. Brandt, 178 Cal. 548, 174 P. 55; Sallee v. Sallee 63 Cal.App. 54, 218 P. 69; Ritter v. Ritter, 103 Cal.App. 583, 284 P. 950; Sample v. Sample, 82 Neb. 37, 116 N.W. 953; Beach v. Beach, 4 Okl. 359, 46 P. 514; Schouler Divorce Manual, page 133. See also Spofford v. Spofford, 18 Idaho 115, 108 P. 1054; Parman v. Parman, 94 Or. 307, 180 P. 906, 185 P. 922.

■ Appellant next contends the court erred in denying a divorce. In so doing, the court necessarily found against appellant on the issue of cruelty.

In Donaldson v. Donaldson, 31 Idaho 180, at page 184, 170 P. 94, at page 95, this court said: " * * * The particular acts of cruelty complained of are not of themselves the determining factor, but the question as to whether the acts of cruelty caused grievous mental suffering on the part of the innocent party is the determining question under the statute. * * * "

No fixed legal rule for determining the existence of extreme cruelty in any given case can be laid down. The judge who tries the case and has the parties before him for observation in the light of the evidence, is the one to whom the law commits in the first instance, the determination of whether or not extreme cruelty has been established, and this court will not

disturb the findings of the trial court unless there has been a want of ordinary good judgment and an abuse of discretion by that court. De Cloedt v. De Cloedt, 24 Idaho 277, 133 P. 664; Donaldson v. Donaldson, 31 Idaho 180, 170 P. 94; Piatt v. Piatt, 32 Idaho 407, 184 P. 470; Morrison v. Morrison, 38 Idaho 45, 221 P. 156; Clark v. Clark, 58 Idaho 37, 69 P.2d 980; Hansen v. Hansen, 86 Cal.App. 744, 261 P. 503; Mahoney v. Mahoney, 43 Wyo. 157, 299 P. 273.

■ Where defendant's conduct, of which plaintiff complains, has been brought about as a natural result of plaintiff's own conduct, the law will not say such conduct of the defendant is cruelty to the plaintiff within the meaning of the statute. Spofford v. Spofford, 18 Idaho 115, 108 P. 1054; Boeck v. Boeck, 29 Idaho 639, 161 P. 576; Owen v. Owen, 48 Mo.App. 208; Schouler Divorce Manual, page 196, Sec. 142.

■ It was the duty of the trial court to judge the truth of the evidence, and we find no error in the denial of the divorce.

■ Appellant claims as error the award of separate maintenance, urging that there is no competent evidence to sustain the same, and that further, the cross-complaint does not state a cause of action therefor in that it does not allege facts showing the separation was without the fault of the wife, and the husband was neglecting or refusing to support her and the family without just cause.

In Sauvageau v. Sauvageau, 59 Idaho 190, 81 P.2d 731, 733, the following issue was presented: If the trial court denies a decree of divorce, is it without further jurisdiction to make or enter any order for the care or custody of the children or the maintenance of the wife? Holding that such question had long since been settled in this jurisdiction, the court after an exhaustive review of the Idaho cases, went on to say:

"So, it will be seen from the foregoing authorities, that it has been the uniform rule in this state for the trial courts to entertain jurisdiction to direct the payment of maintenance and support for a wife and minor children, when for good reason she is living separate and apart from the husband. * * * *The fact that a decree of divorce has been denied does not oust the court of jurisdiction to make appropriate orders for the custody, care and welfare of the minor children and the maintenance of the children and wife.*" (Emphasis added.)

A suit for divorce under our system is a suit in equity. A divorce court in the exercise of its general equitable powers may grant such incidental relief as the evidence warrants when it has both parties before it. Where, as here, the wife resists a divorce suit of the husband, and the divorce is denied, the court, as an incident to the full disposition of the matter before it, can award separate maintenance for the wife and children or for the wife alone

if there be no children, for such time as the parties live separate and apart, particularly when it appears from the evidence that the parties are not living together and such fact is not the fault of the wife, and the wife or family is in need of such maintenance and the husband has the ability to provide the same. In such a case it is not necessary that the wife file a cross-suit for separate maintenance. Under our law, the primary obligation is upon the husband to maintain and support the wife and minor children. Hall v. Johns, 17 Idaho 224, at page 229, 105 P. 71; McHan v. McHan, 59 Idaho 496, at page 507, 84 P.2d 984; Clark v. Utah Construction Co., 51 Idaho 587, at page 593, 8 P.2d 454. Although a divorce is denied, it must be remembered that the marriage still exists, and that the wife and children must under the circumstances above set forth be provided for as a matter of public policy and the speedy and efficient administration of justice.

It is therefore unnecessary to pass upon the sufficiency of the cross-complaint in this case.

We are of the opinion that the evidence shows all the elements necessary to justify the award of separate maintenance, as well as the fact that the husband removed from the home of his own volition. As was said in Pilliner v. Pilliner, 64 Idaho 425, at page 430, 133 P.2d 735, 737:

"There is some difference or, at least, uncertainty, as to just how or why plaintiff came to withdraw from his home and take up his residence in the trailer close by the residence; but the fact remains that he did do so and continued to live separate and apart from his wife. It was his home; he was head of the family and had a right to reside there, if he desired to do so. After all, his leaving was of his own choosing. It was proper for the court, under these circumstances, to order the plaintiff to provide maintenance for the wife, while he leaves their bed and board thus."

In view of what has been heretofore said, it is unnecessary to pass upon the final assignment, which is to the effect that the court erred in permitting respondent to amend her answer and cross-complaint at the close of all of the evidence by adding the following: "That the plaintiff did, during the four years last past, repeatedly run out with another woman, and repeatedly associated with her, both privately and publicly, thereby arousing the resentment and indignation of the defendant." except to say that if such amendment was actually allowed by the court, although the record does not disclose that it was, the same was immaterial and no harm or prejudice resulted therefrom.

The decree of the District Court is therefore affirmed. Costs to respondent.

GIVENS, C. J., and BUDGE, HOLDEN and Miller, JJ., concur.