243 P.2d 973

**PARSONS v. PARSONS.**

No. 7826.

Supreme Court of Idaho.

April 29, 1952.

Anderson & Anderson, Pocatello, for appellant.

**456**

Clark & Holladay, Pocatello, for respondent.

KEETON, Justice.

Plaintiff, respondent here, was granted a decree of divorce from appellant, and the property rights of the parties adjudicated. Defendant appealed, and assigns numerous claimed errors. We will discuss only those we consider necessary to a decision.

In granting the divorce the court found that the parties were married on the 11th of February, 1950; they have no children; that the defendant, appellant here, had been guilty of extreme cruelty, and:

"That on or about the 15th day of April, 1950, the defendant used to, of and concerning the plaintiff, vile and abusive epithets and, then and there, without any justification or provocation, or reasonable cause cursed plaintiff. The defendant, without provocation or justification refused to carry on her marital obligations by refusing to keep their living quarters clean and orderly; by refusing to take certain treatments prescribed by her physician to make her capable of carrying out her marital obligations, and she refused, and continues to refuse, to maintain physical cleanliness; * * *."

and that "by reason of this attitude plaintiff has been caused grievous mental anguish".

A detailed examination of the transcript does not disclose that the appellant at any time used any vile and abusive epithets to or toward the respondent, or cursed him, or ever used any improper language at all.

It appears from the testimony that the appellant and respondent lived in a room of the respondent's father and mother, and the charge that the respondent suffered mental anguish because of the housekeeping methods of the appellant is not sustained by the evidence and is, in effect, too trivial to warrant discussion. A divorce based on alleged extreme cruelty should not be granted for trifles. Lex non curat de minimis. 27 C.J.S., Divorce, § 140, p. 745.

In an action for divorce on the ground of mental cruelty, the particular acts of cruelty complained of are not of themselves the determining factor, but the question of whether the alleged acts of cruelty caused grievous mental suffering on the part of the innocent party is the determining question. Donaldson v. Donaldson, 31 Idaho 180, 170 P. 94, cited with approval in Hiltbrand v. Hiltbrand, 68 Idaho 275, 193 P.2d 391. There was no evidence of any mental suffering on the part of the respondent because of any improper act or thing done, performed, or permitted by appellant.

A large part of the evidence has to do with the health of the appellant, whether she was or was not, or had been, ill; and the nature, duration and extent of the illness, if any.

■ Cruel treatment sufficient to authorize a divorce is something more than sickness, incapacitating the wife from performing the usual domestic duties. McDowell v. McDowell, 125 Wash. 336, 216 P. 11.

The testimony shows that the parties lived and cohabited together from the time of the marriage until December 24, 1950, and that the appellant was employed in different capacities a part of this time; that on December 29, 1950, she was taken to another home by the respondent's parents. Whether she went voluntarily or not is unimportant; likewise, the fact the respondent wanted a divorce.

We conclude that the findings of the trial court on which the decree was based are not supported by sufficient evidence.

Appellant filed a cross-complaint in which she asked for separate maintenance, contending that respondent, by his marriage to her, assumed, agreed and undertook to perform certain obligations well recognized by law and custom, among which is the duty of a husband to support his wife.

The testimony discloses that the respondent is an able bodied man, steadily employed, earning in excess of $200 a month; that the appellant is a girl eighteen years of age, with no home to go to except that of her grandmother.

■ Even though a divorce is denied, the wife, under well recognized conditions and circumstances, is entitled to separate maintenance where the parties are separated, and sufficient legal reasons, not the fault of the wife, exist for such separation. Hiltbrand v. Hiltbrand, 68 Idaho 275, 193 P.2d 391; Radermacher v. Radermacher, 59 Idaho 716, 87 P.2d 461.

In the case before us, the respondent never furnished the appellant a place to live, other than a room in the residence of his father and mother, and about December 29, 1950, caused, or permitted her to be taken to the home of her grandmother.

■ The record does not disclose any sufficient reason why these parties should not again unite and live in harmony, but if they cannot, the appellant is entitled to separate maintenance, such amount to be based on the financial condition of the parties, the earning capacity of the husband, the parties' station in life, and such other factors, including the reasonable needs of the wife, as may be determined by the trial court.

As the decree of divorce and order settling the property rights must be set aside as hereinafter ordered, we will not discuss or decide the proposition presented as to whether or not rings of the wife, and wedding presents received at the time of the marriage are community property subject to a community division.

The judgment granting the respondent a decree of divorce is reversed with instructions to the trial court to set the same aside and dismiss the complaint, hear the parties on the cross-complaint, and al-

458

low the appellant such separate maintenance for her support as the facts and circumstances may warrant, subject to reasonable limitations and further orders of the court, as changed conditions may warrant. Costs to appellant.

GIVENS, C. J., and PORTER, TAYLOR and THOMAS, JJ., concur.