345 P.2d 719

**Maurita C. CLAYTON, Plaintiff-Appellant,**

v.

**Russell O. CLAYTON, Defendant-Respondent.**

No. 8796.

Supreme Court of Idaho.

Oct. 20, 1959.

Rehearing Denied Nov. 16, 1959.

Merrill & Merrill, O. R. Baum, Ben Peterson & Ruby Y. Brown, Pocatello, for appellant.

L. F. Racine, Jr., Pocatello, for respondent.

SMITH, Justice.

Appellant brought this action seeking a divorce from respondent, her husband, on grounds of extreme cruelty, in the form of grievous mental suffering allegedly inflicted. Respondent by his answer denied appellant's allegations of extreme cruelty and by cross-complaint sought a divorce from appellant on like grounds. Respondent abandoned his cross-complaint by failure to adduce proof in support thereof.

The parties were married September 21, 1927. They have one child a daughter, now married. During the major portion of their married life appellant and respondent lived in Montpelier, Idaho, where respondent, a licensed pharmacist, operated a drug store owned by the parties.

Appellant alleged that she had been in ill health since approximately the year 1938. During the fall and winter months of 1953, pursuant to advice of doctors, she spent the colder months of the year in

Arizona, and continued so to do up to the time of her separation from respondent during October 1955.

The parties sold the Montpelier drug store during early 1955. Respondent thereupon accompanied his wife to Arizona. While there respondent investigated the feasibility of acquiring a drug store but concluded that opportunity so to do did not exist; accordingly he left Arizona, returning to Idaho accompanied by his wife.

Appellant's allegations of extreme cruelty essentially are:

(1) That respondent's conduct caused frequent quarrels and controversies between the parties; (2) that appellant is required to spend the winter of each year in a warm, dry climate for her health and that respondent has refused to allow her sufficient funds therefor; (3) that respondent has been secretive and deceptive, indulging in misrepresentations, respecting the funds and assets of the parties; and (4) that respondent has refused to cooperate or assist in maintaining the marriage.

At the conclusion of the testimony the court made its finding to the effect that none of appellant's allegations of cruelty were true. The court then found that respondent sold his thriving drug business in Montpelier on unfavorable terms at appellant's insistence, and that he had gone to Arizona with appellant although he, re-spondent believed there was no opportunity to locate and maintain a residence in Arizona to their advantage. The court also found that neither party had been guilty of extreme cruelty directed against the other party, nor had established sufficient grounds for a divorce. The court thereupon entered its decree denying a divorce to either party, from which judgment appellant perfected an appeal.

Appellant asserts eight assignments of error; these present the crucial issue whether the trial court abused its discretion in denying appellant a divorce.

Both parties to the action recognize the basic rule that the findings of the trial court will not be disturbed if based upon competent, substantial evidence. Appellant, however, urges the rule that the appellate court is not bound by the findings of the trial court and the judgment based thereon when the findings are not sustained by substantial evidence. Harding v. Home Inv. & Sav. Co., 49 Idaho 64, 286 P. 920, 297 P. 1101; Clark v. Clark, 58 Idaho 37, 69 P.2d 980; Bussell v. Barry, 61 Idaho 216, 102 P.2d 276; Claunch v. Jones, 75 Idaho 271, 270 P.2d 1002.

A considerable portion of the evidence relates to the health of appellant, whether she was or was not, or had been ill, and the nature, duration and extent of any such alleged illness. Appellant in her complaint and testimony complains that respondent

**420**

did not unduly concern himself with the state of her health, as requiring her to spend the winter months in a warm, dry climate. Respondent, on the advice of an Arizona doctor, was led to believe that appellant could live almost anywhere. Conversely, appellant's testimony was to the effect that a warm climate was conducive to her health. Considerable testimony bears upon the question whether appellant had sufficient funds with which to make the winter trips, and is conflicting relative to the financial arrangements between the parties. Appellant stated that sufficient funds were not provided during the times she spent in Arizona. On the other hand, respondent testified that sufficient sums were available and that if appellant ever needed money she was authorized to draw on a joint account in an Idaho bank.

Appellant discusses the emotional strain under which she lived. A detailed cross-examination failed to disclose specific acts or conduct on the part of respondent which would cause any such condition, other than alleged failure on the part of respondent at times to discuss with appellant the financial affairs of the parties. On the other hand, there is considerable testimony concerning respondent's attempts to explain to appellant the purchase and sale of corporate stocks.

█ In Donaldson v. Donaldson, 31 Idaho 180, 170 P. 94, 95, the rule is stated:

"* * * The particular acts of cruelty complained of are not of themselves the determining factor, but the question as to whether the acts of cruelty caused grievous mental suffering on the part of the innocent party is the determining question under the statute."

See also De Cloedt v. De Cloedt, 24 Idaho 277, 133 P. 664; Morrison v. Morrison, 38 Idaho 45, 221 P. 156; Clark v. Clark, 58 Idaho 37, 69 P.2d 980; Parsons v. Parsons, 72 Idaho 455, 243 P.2d 973.

█ In Hiltbrand v. Hiltbrand, 68 Idaho 275, 193 P.2d 391, 393, this Court stated:

"No fixed legal rule for determining the existence of extreme cruelty can be laid down. The judge who tries the case and has the parties before him for observation in the light of the evidence, is the one to whom the law commits in the first instance, the determination of whether or not extreme cruelty has been established, and this court will not disturb the findings of the trial court unless there has been a want of ordinary good judgment and an abuse of discretion by that court. [Citations.]"

See also De Cloedt v. De Cloedt, supra.

█ Hiltbrand v. Hiltbrand, supra, announces the further rule which the trial court correctly applied in this case:

"Where defendant's conduct, of which plaintiff complains, has been brought about as a natural result of plaintiff's own conduct, the law will not say such conduct of the defendant is cruelty to the plaintiff within the meaning of the statute. Spofford v. Spofford, 18 Idaho 115, 108 P. 1054; Boeck v. Boeck, 29 Idaho 639, 161 P. 576; Owen v. Owen, 48 Mo.App. 208; Schouler Divorce Manual, page 196, Sec. 142."

 "A divorce based on alleged extreme cruelty should not be granted for trifles. Lex non curat de minimis." Parsons v. Parsons, 72 Idaho 455, 243 P.2d 973.

 It was the duty of the trial court to judge the truth of the evidence and resolve the conflicts therein.

 This Court will not disturb a finding that particular acts failed to constitute grievous mental suffering, or that there was a failure of proof of alleged acts constituting extreme cruelty, unless the evidence in support of the finding is so slight as to indicate a want of ordinary good judgment and an abuse of discretion by the trial court. De Cloedt v. De Cloedt, supra. As further stated in the De Cloedt case:

"Whether the evidence in this case shows a course of conduct which constitutes grievous mental suffering is a question of fact, and such question must be determined from the facts, and should be considered in connection with the character, temperament and disposition of the parties to the action." [24 Idaho 277, 133 P. 669.]

 We are satisfied from our examination of the evidence in this case that the findings, and the judgment denying a divorce to either party, are sustained by competent, substantial evidence.

The judgment of the trial court is affirmed.

No costs allowed.

PORTER, C. J., and TAYLOR, KNUDSON and McQUADE, JJ., concur.